IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

Andrew L. Schlafly (AS4533)
Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
(908) 719-8608
*Attorney for Plaintiff Andrew L. Schlafly*

| | |
|---|---|
| ANDREW L. SCHLAFLY, on Behalf of Himself Individually and on Behalf of All Other Members of Eagle Forum, a Non-Profit Membership Corporation,<br><br>  *Plaintiff*,<br><br>     vs.<br><br>EAGLE FORUM, EDWARD R. MARTIN, JR., JOHN F. SCHLAFLY, ESTATE OF PHYLLIS M. SCHLAFLY, EAGLE TRUST FUND, AND EAGLE FORUM EDUCATION AND LEGAL DEFENSE FUND,<br><br>  *Defendants*. | CASE No. 2:17-cv-02522-ES-SCM<br><br><br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT WITH CLASS ACTION** |

Plaintiff Andrew L. Schlafly ("Plaintiff"), on behalf of himself individually and on behalf of all other members of Eagle Forum, for his Second Amended Complaint with Class Action against Defendants Eagle Forum ("Eagle Forum"), Edward R. Martin, Jr., John F. Schlafly, Estate of Phyllis M. Schlafly, Eagle Trust Fund, and Eagle Forum Education and Legal Defense Fund (collectively, "Defendants"), alleges and says:

## NATURE OF THE ACTION

1. This is an interpleader action whereby Plaintiff and Defendants assert interests in funds that have been deposited into the Registry of this Court.

## PARTIES

2. Plaintiff resides at 939 Old Chester Rd., Chester Township, Morris County, New Jersey 07931. Plaintiff is a member in good standing of Eagle Forum, a non-profit membership corporation recognized as exempt under IRS Code Section 501(c)(4), and Plaintiff is similarly situated and representative of all other members of Eagle Forum.

3. Defendant Eagle Forum is a non-profit membership corporation organized under the laws of the State of Illinois, which does business in New Jersey in the form of sending publications and providing services to members here. Eagle Forum is located at 200 W. 3rd St., Suite 502, Alton, Illinois 62002.

4. Defendant Edward R. Martin, Jr., is a resident of the State of Missouri and President of Defendant Eagle Forum Education and Legal Defense Fund, and he is located at its address below.

5. Defendant John F. Schlafly is a resident of the State of Missouri and the Treasurer of Defendant Eagle Forum Education and Legal Defense Fund, and he is located at its address below. He is also the trustee of The Estate of Phyllis M. Schlafly and a co-trustee of Eagle Trust Fund.

6. Defendant The Estate of Phyllis M. Schlafly is the estate of its namesake, and its trustee is Defendant John Schlafly.

7. Defendant Eagle Trust Fund was settled by Phyllis Schlafly under Illinois law on June 2, 1967, as amended on or about May 10, 1996 and June 1, 2016. Defendant John Schlafly and Bruce S. Schlafly are its current co-trustees. Its principal place of business is at 322 State Street, Suite 301, Alton, Illinois 62002.

8. Defendant Eagle Forum Education and Legal Defense Fund ("EFELDF") is an Illinois corporation recognized as a non-profit, tax-exempt organization under Section 501(c)(3) of the IRS Code. Defendant EFELDF has its principal place of business at 7800 Bonhomme Ave., St. Louis, Missouri, 63105.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this interpleader action, pursuant to 28 U.S.C. § 1335, because (1) the amount in question is worth $500 or more, (2) there are two or more adverse claimants against the interpleaded funds (the "Claimants"), (3) there is minimal diversity of citizenship, and (4) the funds in dispute have been deposited into the Registry of this Court.

10. This Court has personal jurisdiction over each of the parties to this interpleader, pursuant to 28 U.S.C. § 2361.

11. This Court also has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332 (diversity), in that Plaintiff is diverse from all of the Claimants and the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000.00).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because it is in a judicial district in which one or more of the Claimants reside.

## STANDING

13.     Plaintiff has standing as a member of Eagle Forum, as a longtime director of Eagle Forum at the time of the passing away of the insured decedent and afterwards, and as a similarly situated representative of all other members of Eagle Forum, in connection with the below-alleged life insurance policy proceeds.  These life insurance proceeds properly belong to the members of Eagle Forum, including Plaintiff.  As alleged in greater detail below in connection with the Class Action, Plaintiff has standing here on behalf of the class of all members of Defendant Eagle Forum.

## FACTUAL BACKGROUND

14.     Members of Eagle Forum purchased, with the consent of Phyllis Schlafly, insurance policies on the life of Phyllis Schlafly from The Lincoln National Life Insurance Company, Policy No. JP5553916 ("Lincoln National Policy"), and from John Hancock Life Insurance Company (USA), Policy No. 58651480 ("John Hancock Policy," collectively, the "Policies").

15.     The Lincoln National Policy was issued effective on or about February 12, 2006, having a death benefit of Two Million Dollars ($2,000,000).

16.     The John Hancock Policy was issued effective on or about February 14, 1999, having a death benefit of One Million Four Hundred and Ten Thousand Dollars ($1,410,000).

17.     The intended beneficiaries of the Policies were always the members of Eagle Forum, for their benefit and use, and not for the personal benefit of or control by any individual directors.

18. The members of Eagle Forum, including Plaintiff, funded the premiums that paid for the Policies.

19. The small group of several directors who attempt to assert control over the proceeds of the Policies paid nothing or virtually nothing towards the premiums on the Policies.

20. The address used on the applications for the Policies was "7800 Bonhomme Ave., Clayton, MO," which was an address used by members of Eagle Forum but not by Eagle Forum itself.

21. Phyllis Schlafly, the insured, passed away on September 5, 2016.

22. Since that time, Eagle Forum has lacked a properly functioning Board of Directors, and continues to lack one.

23. Individuals who allege to be in control of the Board of Directors of Eagle Forum are overwhelmingly opposed by the members of Eagle Forum, and these individuals were even expressly asked to resign by the Founder and leader of Eagle Forum for 41 years, Phyllis Schlafly, by letter dated April 10, 2016.

24. For months prior to her death, Phyllis Schlafly objected to how the individuals addressed in her foregoing letter attempted to take Eagle Forum in a direction other than its mission, other than the basis on which it was founded, and other than the purpose for which the proceeds of the above-referenced policies were to be used.

25. The individuals who were addressed in Phyllis Schlafly's foregoing letter to them even sought, for wrongful purposes inconsistent with the mission of Eagle Forum

and contrary to the views of an overwhelming percentage of its membership, to remove the authority of Phyllis Schlafly over Eagle Forum.

26. The individuals who claim to be in control of the Board of Directors of Eagle Forum have already wrongfully dissipated and wasted assets of Eagle Forum which properly belonged to its membership.

27. By Orders of this Court in this action, dated May 5, 2017 [D.E. 12 & 13], the proceeds of the Policies were deposited into the Court Registry Investment System (C.R.I.S.), in the amounts of $2,000,000 on the Lincoln National Policy and $1,422,000.02 (including interest) on the John Hancock Policy.

**EAGLE FORUM'S MANIPULATION OF ITS CLAIMS ON THE POLICIES**

28. On November 16, 2016, attorney James P. Sanders, of the law firm SmithAmundsen in St. Louis, wrote a letter to John Hancock purportedly on behalf of Eagle Forum to make a claim under the John Hancock Policy.

29. John Hancock responded to Mr. Sanders' letter on December 7, 2016, and requested the specific documentation to process the claim.

30. Neither Eagle Forum nor Mr. Sanders complied for many months with John Hancock's letter, or even responded to it.

31. Similarly, Eagle Forum failed to file a timely claim for the proceeds of the Lincoln National Policy.

32. Eagle Forum delayed more than six months after the passing away of the decedent before submitting any claim on the Lincoln National Policy.

33. Upon information and belief Mr. Sanders, acting under the improper direction of and control by a non-officer of Eagle Forum, unreasonably delayed for an improper purpose to submit claims on the Policies.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings these claims on behalf of a class (the "Class") defined as follows: all members of Eagle Forum as of September 5, 2016, the date of the passing away of the insured on the Policies.

35. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. There were many thousands of members of Eagle Forum as of September 5, 2016.

36. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist and predominate as to all members of the Class. The common legal and factual questions include, among others:

   (a) Whether a constructive trust should be established for the proceeds on the Policies;

   (b) Whether Eagle Forum engaged in a civil conspiracy to misappropriate funds in connection with the Policies;

   (c) Whether Eagle Forum has committed the tort of conversion in connection with the Policies;

   (d) Whether Eagle Forum has breached its contractual obligations to members under the Bylaws of Eagle Forum; and

   (e) Whether Eagle Forum is being unjustly enriched in connection with the Policies.

37. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for injunctive relief that he seeks for all of the other class members.

38. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with, and are not antagonistic to, the Class. He intends to prosecute this action vigorously on behalf of the Class. Plaintiff as counsel will fairly and adequately protect the interests of the members of the Class.

39. **Injunctive Relief Appropriate. FED. R. CIV. P. 23(b)(2).** Eagle Forum's conduct as alleged herein applies generally to the members of the Class, such that final injunctive relief is appropriate with respect to the Class.

40. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class predominate over questions affecting only individual members, and thus a class action is superior to other available methods for adjudication. Individual litigation would prove burdensome and expensive for the complex issues presented. It would be virtually impossible for Class members individually to redress effectively the wrongs done to them. Even if Class members could afford such individual litigation, it would be an unnecessary, time-consuming burden on the courts. A class action would benefit litigants and the Court by resolving individual claims in one proceeding, without the risk of inconsistent results.

## CAUSES OF ACTION

### COUNT I
### (in Interpleader for a Constructive Trust)

41. Plaintiff repeats and incorporates herein by reference the foregoing and all other allegations contained in this Second Amended Complaint.

42. The members of Eagle Forum are the rightful beneficiaries of the Policies as indicated on their application form, which used the members' "7800 Bonhomme Avenue, Clayton, MO" address where the corporation Eagle Forum has never done business, but members have.

43. The intent of the applicants in taking out the Policies was for the proceeds to be paid for the benefit and use of the membership of Eagle Forum, and not for any other purpose such as the enrichment of several directors of Eagle Forum disloyal to its Founder.

44. The members of Eagle Forum funded the substantial premium payments on the Policies, and thus are entitled to benefit from the proceeds of the Policies without any diversion for the benefit of a few directors who paid no part of the premiums.

45. It would constitute unjust enrichment to allow a faction of the directors of Eagle Forum, who have an improper side deal among themselves and who are opposed by the overwhelming majority of members, to receive the proceeds on the Policies rather than distributing those proceeds equitably for the benefit and use of all of the membership.

46. It would further be unjust to allow a faction of the directors of Eagle Forum, who have engaged in intentional wrongdoing in delaying submission of claims on the Policies, in having an improper side deal among themselves, and in breaching the Bylaws of Eagle Forum ("Bylaws") as alleged in Count IV below, to receive proceeds from the Policies for their own control and benefit.

47. Imposition of a constructive trust for the entire proceeds on the Policies is necessary to prevent unjust enrichment.

**WHEREFORE**, Plaintiff and the Class pray for an order that (1) all Defendants be required to interplead and settle among themselves their respective rights to the sums deposited with the Court, (2) disburses the entire proceeds on the Policies, as currently held in the C.R.I.S., to a constructive trust to pay all lawful debts of Defendant Eagle Forum to Plaintiff and all other Defendants under a process to be established by the Court, with any remainder to be held by a Court-appointed trustee pursuant to an order not to distribute funds except in accordance with the proven intent and needs of the full membership of Eagle Forum based on a Court-approved process, and (3) commands further relief as deemed appropriate by the Court.

## COUNT II
### (for Civil Conspiracy to Misappropriate Funds)

48. Plaintiff repeats and incorporates herein by reference the foregoing and all other allegations contained in this Second Amended Complaint.

49. Several directors of Eagle Forum have agreed to an undisclosed side deal among themselves to dissipate proceeds from the Policies for their own benefit and interests, rather than for the benefit and interests of the membership of Eagle Forum.

50. Upon information and belief, this agreement among several directors of Eagle Forum includes seeking payment on the Policies in order to pay personal obligations of and confer personal benefits on these directors, including paying their own personal legal fees incurred in their attempt to gain control of Eagle Forum.

51. Upon information and belief, Eagle Forum then acted on the foregoing conspiracy by unreasonably delaying for months in submitting claims on the Policies, in an attempt to arrange or facilitate the payment of such obligations from the proceeds of these Policies, or to gain some other improper advantage.

52. Eagle Forum thereby unreasonably delayed more than six months after the passing away of the insured Phyllis Schlafly before submitting claims on these Policies.

53. Payment from proceeds of the Policies on the above-alleged personal obligations for legal fees by several directors, and payment for other personal benefits for those directors, constitutes misappropriation of funds.

54. The foregoing agreement among several directors of Eagle Forum and acts in furtherance of their agreement are unlawful, under federal law, for a nonprofit organization such as Eagle Forum, which receives a tax exemption in exchange for the requirement that it serve the public good.

55. Eagle Forum intentionally participated in the foregoing agreement, and acted in furtherance of the agreement.

56. The members of Eagle Forum are directly and proximately damaged by Eagle Forum's misappropriation of funds properly belonging to membership.

57. Eagle Forum's conduct further constitutes unclean hands, which disqualifies it from any equitable relief in this Court.

**WHEREFORE**, Plaintiff and the Class pray for an order removing the current Board of Directors of Eagle Forum, based on their participation in the foregoing civil conspiracy.  Plaintiff also prays for an order that (1) disburses the entire proceeds on the Policies, as currently held in the C.R.I.S., to a constructive trust to pay all lawful debts of Defendant Eagle Forum to Plaintiff and all other Defendants under a process to be established by the Court, with any remainder to be held by a Court-appointed trustee pursuant to an order not to distribute funds except in accordance with the proven intent and needs of the full membership of Eagle Forum based on a Court-approved process, (2) requires all Defendants to interplead and settle among themselves their respective rights to the sums deposited with the Court, and (3) commands further relief as deemed appropriate by the Court.

### COUNT III
### (for Conversion)

58. Plaintiff repeats and incorporates herein by reference the foregoing and all other allegations contained in this Second Amended Complaint.

59. The proceeds of the Policies properly belong to the membership of Eagle Forum, as represented by Plaintiff here.

60. Eagle Forum has intentionally and wrongfully interfered with the rights of membership, as represented by Plaintiff, to possession of the proceeds of the Policies.

61. Eagle Forum has intentionally and wrongfully acted under the primary direction and control of merely one non-officer of Eagle Forum, rather than acting in the rightful interests of membership with respect to the Policies.

62. Eagle Forum has intentionally and substantially interfered with monies belonging to membership – the Policies – by wrongfully and unjustifiably exercising dominion and control over this property of the membership of Eagle Forum.

63. As a direct and proximate result of the foregoing wrongful acts, the membership of Eagle Forum, as represented by Plaintiff, has sustained significant damages, including the total amount of the proceeds on the Policies.

**WHEREFORE**, Plaintiff and the Class pray for an order that (1) disburses the entire proceeds on the Policies, as currently held in the C.R.I.S., to a constructive trust to pay all lawful debts of Defendant Eagle Forum to Plaintiff and all other Defendants under a process to be established by the Court, with any remainder to be held by a Court-appointed trustee pursuant to an order not to distribute funds except in accordance with the proven intent and needs of the full membership of Eagle Forum based on a Court-approved process, (2) requires all Defendants to interplead and settle among themselves their respective rights to the sums deposited with the Court, and (3) commands further relief as deemed appropriate by the Court.

## COUNT IV
### (for Breach of Contract)

64. Plaintiff repeats and incorporates herein by reference the foregoing and all other allegations contained in this Second Amended Complaint.

65. The Bylaws of Eagle Forum ("Bylaws") is a valid and enforceable contract between Eagle Forum and its members.

66. Eagle Forum has breached this contract by refusing to send ballots to certain members, including Plaintiff, to thereby deny them their ability to vote in its recent election in 2017 for the "At-Large" Director who is required by the Bylaws, Art. V § 5, to be elected by and to represent all the members of Eagle Forum.

67. Eagle Forum has further breached this contract by excluding members from mailings and from voting, without complying with the requirements Bylaws, Art. IV, which requires that members be excluded only for cause by the Board of Directors.

68. Eagle Forum has further breached this contract by holding an election in November 2017, with ballots to be returned "by mail before December 1, 2017," and then blocking the winner of that election from immediately becoming part of its Board of Directors as required by the Bylaws, Art. V § 5.

69. Eagle Forum has further breached this contract with membership by changing its Bylaws in ways disadvantageous to membership, such as eliminating its longstanding requirement of compliance with Robert's Rules of Order.

70. Eagle Forum has further breached this contract with membership by changing its Bylaws without complying with the notice requirement in the Bylaws, Art. XII § 1.

71. Eagle Forum has further breached this contract with membership by dissipating assets for the personal benefit of a few directors, rather than protecting the assets for the benefit of all of membership.

72. Eagle Forum has further breached this contract with membership by allowing several directors to act pursuant to a side agreement among them which is contrary to the interests of the organization.

73. Eagle Forum has further breached this contract by using the fictitious title of "Chairman" for one of its directors, a non-officer, to conduct business on behalf of Eagle Forum, when no such position is recognized or authorized by the Bylaws.

74. As a direct and proximate result of the foregoing breach of contract by Eagle Forum, the membership of Eagle Forum has suffered damages in excess of the total amount of the proceeds of the Policies.

**WHEREFORE**, Plaintiff and the Class pray for an order removing the current Board of Directors of Eagle Forum for their foregoing violations of the Bylaws, and an order invalidating all actions based on such Bylaws violations.  Plaintiff further prays for an order disbursing the entire proceeds on the Policies, as currently held in the C.R.I.S., to a constructive trust to pay all lawful debts of Defendant Eagle Forum to Plaintiff and all other Defendants under a process to be established by the Court, with any remainder to be held by a Court-appointed trustee pursuant to an order not to distribute funds except

in accordance with the proven intent and needs of the full membership of Eagle Forum based on a Court-approved process, and for further relief as deemed appropriate by the Court.

## COUNT V
### (for Unjust Enrichment)

75. Plaintiff repeats and incorporates herein by reference the foregoing and all other allegations contained in this Second Amended Complaint.

76. Eagle Forum and several of its directors have unjustly enriched themselves by taking benefits without justification, resulting in the direct impoverishment of the membership of Eagle Forum.

77. This unjust enrichment by Eagle Forum includes, but is not limited to, its demand for the proceeds on the Policies, which were paid for and properly belong to the membership of Eagle Forum.

78. This unjust enrichment by Eagle Forum also includes holding and attending lavish conferences at substantial expense to membership, without comparable benefits.

79. Individuals temporarily in control of Eagle Forum seek to obtain, accept and retain the benefits of the proceeds of the Policies without paying for their value.

80. Individuals temporarily in control of Eagle Forum know they have received and seek a benefit, and should have reasonably expected that this entire benefit would be held in a trust for membership, and that individuals would not be allowed to divert such benefit in order to pay personal expenses of those temporarily in control of Eagle Forum.

81. There is an absence of justification for the foregoing enrichment by Eagle Forum, which is neither authorized by the Bylaws nor approved by membership.

82. Allowing Eagle Forum to obtain and retain the proceeds on the Policies would be unjust, and would constitute unjust enrichment.

83. There is a lack of a remedy provided by law.

84. The members of Eagle Forum have been directly and proximately damaged by Defendant Eagle Forum's foregoing unjust enrichment, in an amount in excess of the total amount of proceeds from the Policies.

85. As a result of Eagle Forum's unjust enrichment, a constructive trust should be established for Plaintiff and the Class for the entire proceeds of the Policies.

**WHEREFORE**, Plaintiff and the Class pray for an order that (1) disburses the entire proceeds on the Policies, as currently held in the C.R.I.S., to a constructive trust to pay all lawful debts of Defendant Eagle Forum to Plaintiff and all other Defendants under a process to be established by the Court, with any remainder to be held by a Court-appointed trustee pursuant to an order not to distribute funds except in accordance with the proven intent and needs of the full membership of Eagle Forum based on a Court-approved process, (2) requires all Defendants to interplead and settle among themselves their respective rights to the sums deposited with the Court, and (3) commands further relief the Court deems appropriate.

## COUNT VI
### (for Declaratory Judgment)

86. Plaintiff repeats and incorporates herein by reference the foregoing and all other allegations contained in this Second Amended Complaint.

87. The interpleaded proceeds of the Policies already deposited with the C.R.I.S. properly belong in trust for the Class, rather than for any Defendant.

**WHEREFORE**, Plaintiff and the Class pray for a declaratory judgment establishing that (1) Plaintiff has the right to the entire funds deposited with the C.R.I.S., (2) no Defendant has any right to any of the funds, and (3) the funds be disbursed to Plaintiff to be held in trust on behalf of the Class.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial pursuant to Federal Rule of Civil Procedure 38(b) for all issues triable by jury.

Dated: March 6, 2018          ANDREW L. SCHLAFLY, ESQ.

/s/ Andrew L. Schlafly
Andrew L. Schlafly (AS4533)
Attorney at Law
939 Old Chester Road
Far Hills, New Jersey 07931
908-719-8608
aschlafly@aol.com

Attorney for Plaintiff Andrew L. Schlafly