**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDREW L. SCHLAFLY**, *on behalf of himself individually and on behalf of all other members of Eagle Forum, a non-profit membership corporation*,<br><br>**Plaintiff,**<br><br>v.<br><br>**EAGLE FORUM,** *et al.*,<br><br>**Defendants.** | Civil Action No. 17-2522 (ES) (SCM)<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Styled as a statutory interpleader action, this suit was brought by Plaintiff Andrew Schlafly ("Andrew"), individually and on behalf of all other members of Defendant Eagle Forum, against Defendants Edward Martin, John Schlafly, Eagle Trust Fund ("ETF"), Eagle Forum Education and Legal Defense Fund ("EFELDF"), Estate of Phyllis Schlafly (the "Estate") (collectively, "Eagle Trust Defendants") and Defendant Eagle Forum (altogether, "Defendants"). (D.E. No. 204, Second Amended Complaint with Class Action, ("Compl.") ¶¶ 1 & 13). Plaintiff and Defendants allege competing claims to collect proceeds on two life insurance policies (the "Policies") held by the late Phyllis Schlafly. (*See* Compl. ¶¶ 13 & 14).

Before the Court are the following motions: (i) Defendant Eagle Forum's motion to dismiss the Complaint, (D.E. No. 205), and motion to dismiss Eagle Trust Defendants' crossclaims, (D.E. No. 229); (ii) Andrew's motion to dismiss Eagle Forum's counterclaims, (D.E. No. 209); and (iii) Eagle Trust Defendants' motion to dismiss Eagle Forum's crossclaims, (D.E. No. 210). The Court decides the matters on the papers without need for oral argument. L. Civ. R. 78.1(b). For the

following reasons, (i) Eagle Forum's motion to dismiss the Complaint and motion to dismiss Eagle Trust Defendants' crossclaims is GRANTED, (ii) Andrew's motion to dismiss Eagle Forum's counterclaims is GRANTED-in-part and DENIED-in-part; and (ii) Eagle Trust Defendants' motion to dismiss Eagle Forum's crossclaims is DENIED.

I. **Background and Procedural History**

The following facts are taken from the Complaint, which the Court accepts as true, drawing all reasonable inferences in favor of the nonmoving party. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).[1]

Andrew, a New Jersey resident, is a member of Defendant Eagle Forum, a non-profit membership organization incorporated under the laws of Illinois. (Compl. ¶¶ 2–3). Eagle Forum does business in New Jersey, sending publications and providing services to members there. (*Id.* ¶ 3).

Members of Eagle Forum, with the consent of Phyllis Schlafly, purchased and funded premiums that paid for insurance policies on her life from The Lincoln National Life Insurance Company ("Lincoln National Policy") and John Hancock Life Insurance Company (U.S.A.) ("John Hancock Policy") (collectively, the "Policies"). (*Id.* ¶¶ 14, 18 & 44). The Lincoln National Policy had a death benefit of Two Million Dollars ($2,000,000). (*Id.* ¶ 15). The John Hancock Policy had a death benefit of One Million Four Hundred and Ten Thousand Dollars ($1,410,000).

---

[1] In Rule 12(b)(6) motions to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted). The Court will thus consider the life insurance policies attached as exhibits in Eagle Forum's Declaratory Judgment Counterclaims and Crossclaims against the Eagle Trust Defendants, (D.E. No. 206 ("Eagle Forum Compl.")). (*See* D.E. No. 206-1, Eagle Forum Compl., Ex. A ("John Hancock Policy"); D.E. No. 206-2 Eagle Forum Compl., Ex. B ("Lincoln National Policy")). The Court will also take notice of related litigation in Madison County, Illinois, *see Phyllis Schlafly Revocable Tr. v. Cori*, No. 16-01631 (E.D. Mo.); Saint Louis County, Missouri, *see Cori v. Phyllis Schlafly's Am. Eagles*, No. 16-0946 (S.D. Ill. May 4, 2017); and the Eastern District of Missouri, *see Phyllis Schlafly Revocable Trust v. Cori*, No. 4:16-01631 (E.D. Mo. Mar. 17, 2017).

(*Id.* ¶ 16). John Hancock and Lincoln National previously deposited the Policies' insurance proceeds into the registry of this Court. (D.E. Nos. 23 & 27). This case centers on who is entitled to collect the insurance benefits on the Policies. Andrew filed suit against Eagle Forum and joined the Eagle Trust Defendants as potential claimants against the deposited insurance proceeds from the Policies. (Compl. ¶¶ 3–8).

The Policies both list "Eagle Forum" as the primary beneficiary. (*see* John Hancock Policy at 8 & 29; Lincoln National Policy. at 34).[2] The address used on the applications for the Policies, "7800 Bonhomme Ave., Clayton, MO," was an address used by members of Eagle Forum but not Eagle Forum itself. (Compl. ¶ 20). Several Eagle Forum directors attempting to assert control over the proceeds from the Policies paid nothing or virtually nothing towards the premiums. (*Id.* ¶ 19).

Phyllis Schlafly, the insured, died on September 5, 2016. (*Id.* ¶ 21). Since her death, Eagle Forum has lacked a properly functioning Board of Directors ("Board"). (*Id.* ¶ 22). The individuals who control the Board have wrongfully dissipated and wasted Eagle Forum assets that belong to its membership. (*Id.* ¶ 26). This wrongful conduct includes certain Board members having "an undisclosed side deal among themselves" to misuse the proceeds from the Policies for their own benefit. (*Id.* ¶ 49). The improper agreement includes using the proceeds to pay personal obligations, such as legal fees incurred in their attempts to gain control of Eagle Forum. (*Id.* ¶ 50).

A. **Andrew's Complaint**

Andrew asserts six claims on behalf of himself and all Eagle Forum members against Eagle Forum. The claims fall into two categories.

---

[2] The Court cites to the docket entry pagination only for citations to Exhibits A and B (the John Hancock and Lincoln National Policies).

- Counts I and VI (the "Interpleader Claims"):

  - Count I in Interpleader for a Constructive Trust. Andrew seeks to direct the insurance proceeds to the benefit of the class of Eagle Forum members into a constructive trust because the members of Eagle Forum, not Eagle Forum itself, are the rightful beneficiaries of the Policies. (*Id.* ¶¶ 41–47).

  - Count VI for Declaratory Judgment. Andrew reasserts his right to the entire proceeds deposited with the Court, that no Defendant has any right to any of the entire deposited funds, and that the funds be disbursed to him to be held in trust on behalf of a class defined as all members of Eagle Forum as of the date of Phyllis Schlafly's death. (*Id.* ¶¶ 34 & 86–87).

- Counts II through V (the "New Claims"):

  - Count II for Civil Conspiracy to Misappropriate Funds. Andrew seeks removal of the current Eagle Forum Board members based on their "undisclosed side deal" to dissipate proceeds on the Policies for their own benefit and interests, which is all part of an attempt to gain control of Eagle Forum. (*Id.* ¶¶ 48–57).

  - Count III for Conversion. Andrew seeks an order that disburses the proceeds of the Policies via constructive trust to pay Eagle Forum's lawful debts in a process set by the Court and compels all Defendants to interplead and settle among themselves their respective rights to the deposited proceeds. (*Id.* ¶¶ 58–63).

  - Count IV for Breach of Contract. Andrew contends Eagle Forum broke its bylaws when denying members their ability to vote in an election in 2017 for the "At-Large" Director position and eliminated a requirement to comply with Robert's Rules of Order. Andrew asks the Court remove the current Eagle

Forum Board members for their foregoing violations of the bylaws and for an order invalidating all actions based on such bylaws violations. (*Id.* ¶¶ 64–74).

- o Count V for Unjust Enrichment. Andrew again wants the proceeds of the Policies held in trust, diverted from Eagle Forum and several Board members, because they took benefits without justification, such as holding lavish conferences at great expense to the membership of Eagle Forum. (*Id.* ¶¶ 75–85).

Andrew added the New Claims 15 months after filing this interpleader action, (*see* D.E. No. 1 & Compl.), and 14 months after John Hancock and Lincoln National deposited the insurance proceeds into this Court's registry, (*see* D.E. Nos. 23 & 27; Compl.).

**B.     Eagle Forum's Declaratory Judgment Counterclaims Against Andrew Schlafly and Crossclaims Against Eagle Trust Defendants**

Eagle Forum seeks declaratory judgment that it is the "sole beneficiary" of the Policies, proper recipient of the proceeds, and is entitled to collect costs and attorneys' fees. (*See* Eagle Forum Compl.). In support, Eagle Forum relies on documents central to Andrew's Complaint: the John Hancock and Lincoln National Policies. (*See* John Hancock Policy; Lincoln National Policy).

The contract clause found in the John Hancock and Lincoln National Policies and copies of the applications, endorsements, and any supplemental applications forms the entire contract. (John Hancock Policy at 22; Lincoln National Policy at 17). On the John Hancock Policy, "Eagle Forum" is the listed owner. (John Hancock Policy at 8). Phyllis Schlafly signed, on behalf of herself and Eagle Forum, the John Hancock Policy. (*Id.* at 28). She signed the John Hancock Policy application, (*id.* at 33, 34 & 36), and even identified Eagle Forum by its employer identification number, 51-0189035, (*id.* at 33). For the Lincoln National Policy, on the same page Phyllis Schlafly signed as the insured, John Schlafly signed as the Policy owner. (Lincoln National

Policy at 28 & 44 (John Schlafly signed as "Assistant Secretary.")). Eagle Forum is also listed as the owner. (*Id.* at 44). As to both Policies, Eagle Forum is the only listed beneficiary. (*Id.* at 33; John Hancock Policy at 29). Thus, Eagle Forum asserts it is the party with the superior insurance benefits claim.

## C. Eagle Trust Defendants' Crossclaims Against Eagle Forum

"Eagle Trust Defendants each warrant that they are not asserting and do not assert a claim as a beneficiary of the insurance policies at issue here." (D.E. No. 218 at 7 n.5). Yet, "Eagle Trust Defendants simply assert claims against th[e] [proceeds], even if the Eagle Trust Defendants are not themselves beneficiaries of the [Policies]." (D.E. No. 230 at 2). They contend its crossclaims against Eagle Forum have priority over Andrew's claims against Eagle Forum. (D.E. No. 207 ¶ 88). Thus, Eagle Trust Defendants assert the following "Crossclaim[s] relate[] to the insurance proceeds because money is fungible," and Eagle Forum's Board members misused corporate assets, "undercapitaliz[ed] the corporation for the intellectual-property claims," "did very little to raise funds for either the corporation itself or the [Policies]," and "were disloyal to [Phyllis] Schlafly." (*Id.* ¶¶ 42, 47, 53, 60 & 71).

- First Crossclaim (Indemnification). Eagle Forum must indemnify defendants John Schlafly and Edward Martin "for any and all attorneys' fees, costs, and other expenses spent, incurred, obligated, or reimbursed" while both served as an "officer, agent, or representative" of Eagle Forum. (*Id.* ¶¶ 38–43).

- Second Crossclaim (Contract). Eagle Forum must reimburse and repay the Estate a loan "Phyllis Schlafly [] paid in excess of $100,000 toward the defense of Schlafly and Edward Martin" in the Madison County action. (*Id.* ¶¶ 44–48).

- Third Crossclaim (Reimbursement of Insurance Premium). Eagle Forum must

reimburse EFELDF a 2016 premium payment due on a "parallel John Hancock . . . insurance policy for the life of Helen Marie Taylor"—an individual who is not a party to this action. (*Id.* ¶¶ 49–54).

- Fourth Crossclaim (Quasi-Contract & Unjust Enrichment). Eagle Forum must pay ETF for services rendered when "Eagle Forum accepted [Phyllis] Schlafly's volunteer labor and free license to her intellectual property and fundraising." (*Id.* ¶¶ 55–61).

- Fifth Crossclaim (Copyright). The Estate, ETF, and John Schlafly (in his representative capacity as trustee) demand Eagle Forum provide relief for the "ongoing unauthorized use of [Phyllis] Schlafly's intellectual property." (*Id.* ¶¶ 62–72). These three Defendants "incorporate [the intellectual property] claims and allegations by reference" that are subject of litigation in the Eastern District of Missouri. (*Id.* ¶ 64 (citing *Phyllis Schlafly Revocable Trust v. Cori*, No. 16-01631 (E.D. Mo. Mar. 17, 2017))).

## II.  Legal Standard

Statutory interpleader "is a remedial device which enables a person holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action." *NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 374 (3d Cir. 1995). The procedure "relieves the stakeholder from determining at his peril the merits of competing claims and shields him from the prospect of multiple liability[.]" *Id.* A typical interpleader action involves two steps. *NYLife Distribs., Inc.*, 72 F.3d at 375; Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1714 (3d ed. 2018). In the first step, the Court must first find whether the action satisfies the statutory interpleader requirements noted above. *Id.* If so, in the second step, the Court decides competing claims to the interpleaded funds. *Id.*

This case is now in the second stage. "The second stage, which proceeds like any other action, is ultimately resolved by the entry of a judgment in favor of the claimant who is lawfully entitled to the stake." *Id.* (citation omitted).

## III. Discussion

The Court will address the pending motions by discussing the parties' arguments, legal standard and applicable law, and then the merits of their respective claims.

### A. Eagle Forum's Motion to Dismiss Andrew Schlafly's Complaint for Failure to State a Claim, Lack of Personal Jurisdiction, and Lack of Subject Matter Jurisdiction

#### 1. Andrew's Interpleader Claims[3]

Eagle Forum moves to dismiss Andrew's Interpleader Claims on two main fronts. *First*, Eagle Forum argues it is the sole beneficiary and owner of the Policies because the language in the Policies is clear, unambiguous, and entitles Eagle Forum to the proceeds on the Policies. (D.E. No. 205-1 at 9). *Second*, Eagle Forum avers the members of Eagle Forum have no ownership over, nor a right to control, a corporation's property. (*Id.* at 10–11). Andrew responds that members of Eagle Forum, not Eagle Forum itself, are the primary beneficiaries of the Policies. (D.E. No. 213 at 17). That is because "[t]he named beneficiary on the Policies is *not* Defendant Eagle Forum as an Illinois membership corporation having its address in Alton, Illinois. Instead, the named beneficiary is a generic association name 'Eagle Forum' with a Missouri address [listed in one portion of the applications, 7800 Bonhomme Avenue, Clayton, Missouri], as used by members but not by the Illinois corporate entity Defendant Eagle Forum." (*Id.*). Andrew then argues extrinsic evidence is needed to identify whom that named beneficiary on the Policies

---

[3] The Court has personal jurisdiction over Eagle Forum as to Andrew's Interpleader Claims. *See* 28 U.S.C. § 2361 (providing nationwide service of process in statutory interpleader actions).

actually is, "Eagle Forum." (*Id.* at 17–18).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept all plausible allegations in the complaint as true and credit all reasonable inferences in the plaintiff's favor. *See Bell Atl. Corp.*, 550 U.S. at 555. But courts cannot "accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2013) (citations and internal quotation marks omitted).

Interpretation of an insurance contract is a matter of law that courts may examine on a motion to dismiss. *See, e.g.*, *Click Corp. of Am. v. Redco Foods, Inc.*, 424 F. Supp. 2d 753, 759 (D.N.J. 2006); *Simonetti v. Selective Ins. Co.*, 859 A.2d 694, 698 (N.J. Super. Ct. App. Div. 2004). "It is well-settled that where the terms of the contract are clear and unambiguous there is no room for interpretation or construction and the courts must enforce those terms as written." *JPMorgan Chase Bank, N.A. v. Rep. Mort. Ins. Co.*, Civil Action No. 10-06141, 2011 WL 1750439, at *3 (D.N.J. May 4, 2011) (internal quotation marks and citation omitted).

The plain language of the John Hancock and Lincoln National Policies are subject to one interpretation only: that Eagle Forum, not its membership, is the owner and primary beneficiary on the Policies. (*See* John Hancock Policy at 8 & 29; Lincoln National Policy. at 33–34). Even if Eagle Forum never conducted business at the address listed on the Policies, 7800 Bonhomme Avenue, Clayton, Missouri, the inclusion of that address on the insurance application documents creates no ambiguity. Directly below the 7800 Bonhomme Avenue address on the John Hancock Policy is Eagle Forum's employer identification number. (John Hancock Policy at 29). Moreover,

on the same page, Eagle Forum is listed as Phyllis Schlafly's employer. (*Id.*). And neither Policy lists any other primary or secondary beneficiaries. Eagle Forum is thus the only beneficiary of the Policies and will take receipt of the proceeds in trust, subject to the temporary restraining order issued in the Madison County action. (*See* D.E. No. 224-1 (Madison County Circuit Court Order, dated Oct. 20, 2016) ¶ 14). Accordingly, Eagle Forum's motion to dismiss Andrew's Interpleader Claims is GRANTED.[4]

### 2. Andrew's New Claims

Eagle Forum argues this Court lacks personal jurisdiction over Eagle Forum as to the New Claims. (D.E. No. 205-1 at 5). In particular, the Court lacks personal jurisdiction because Eagle Forum is an Illinois corporation that is not at home in New Jersey. (*Id.* at 5–6). And even if Eagle Forum does business in New Jersey through sending publications and providing services to members there, the allegations forming the New Claims arose outside New Jersey. (*Id.* at 7). Alternatively, Eagle Forum argues (i) the Court lacks subject matter jurisdiction on the conversion and unjust enrichment claims (Counts III and V) because those claims rest on hypothetical future facts and contingencies, (*id.* at 12), and (ii) Andrew cannot adequately plead a claim for civil conspiracy (Count II) because he failed to allege the claim against more than one defendant, (*id.* at 13).

As to personal jurisdiction, "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case . . . and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales,*

---

[4] There is no merit in Andrew's argument that members of Eagle Forum own Eagle Forum's corporate property, i.e., the Policies. It is well-settled that members or shareholders of a corporation have no right to use or possess corporate property. Stephen M. Bainbridge, *The Board of Directors as Nexus of Contracts*, 88 Iowa L. Rev. 1, 3 n.5, 13 n.50 (2002) ("[O]wnership is not a particularly useful concept in the corporate context. . . . [S]hareholders have no right to use or possess corporate property." (citing cases)).

- 10 -

*Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). If the plaintiff meets his burden, then it shifts to the defendant who must present a compelling case that jurisdiction would be unreasonable. *Rosato v. Walt Disney Co.*, Civil Action No. 11-7320, 2012 WL 4464030, at *3 (D.N.J. Aug. 27, 2012) (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

The Court can have personal jurisdiction over a non-resident defendant in three ways here. The first two involve exercising general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1779–80 (2017). For general jurisdiction, "the paradigm forum . . . is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 1780 (quotation marks and citation omitted). "Specific" jurisdiction arises when the claim is related to or arises out of a defendant's contacts with the forum. *Id.* Put differently, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quotation marks and citation omitted).

A third way in an interpleader action is if "a federal statute authorizes nationwide service of process, and the federal and state claims 'derive from a common nucleus of operative fact,' the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available." *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see* 28 U.S.C. § 2361 (allowing nationwide service of process in interpleader actions). But statutory interpleader only addresses claims to funds deposited with the court. *See U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 211 (3d Cir. 1999) (citing authorities, including *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 535 (1967) ("[I]nterpleader was never intended . . . to be an all-purpose 'bill of peace.'"), *and Cont'l Ill. Nat'l Bank & Trust Co. v. R.L.*

*Burns Corp.*, 552 F. Supp. 113, 114 (N.D. Ill. 1982) ("Subject matter jurisdiction under § 1335 is limited to the resolution of conflicting claims to the fund in controversy.")).

Andrew cannot show how this Court has personal jurisdiction over Eagle Forum regarding the New Claims. *First*, this Court lacks general jurisdiction because Eagle Forum is incorporated, and has its principal place of business, in Illinois. (Compl. ¶ 3). *Second*, this Court lacks specific jurisdiction since no activities or actions giving rise to the New Claims occurred in New Jersey. Even if Eagle Forum has at least one member in New Jersey (Andrew), sends letters to persons in New Jersey, and promotes its active presence in New Jersey on its website, those allegations are insufficient to establish Eagle Forum expressly aimed its conduct at New Jersey. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779–80. As relevant here, the Complaint and Policies' application documents reflect actions that took place in Illinois and Missouri, not New Jersey. (*See* Compl. ¶¶ 1–13; John Hancock Policy; Lincoln National Policy). *Third*, Andrew cannot use the federal interpleader statute's nationwide service of process provision to create personal jurisdiction for *all* claims he believes he has against Eagle Forum. *See Sun Life and Health Ins. Co. (U.S.) v. Colavito*, 14 F. Supp. 3d 176, 183 (S.D.N.Y. 2014) ("[C]onceptually, whether a party is allowed to keep the proceeds from a life-insurance policy is a question separate from whether that party is entitled to the proceeds in the first place."). The New Claims share no common nucleus of operative facts in resolving who can collect on the Policies. The Court thus lacks personal jurisdiction over Eagle Forum as to the New Claims.[5] Accordingly, Eagle Forum's motion to dismiss Andrew's New Claims is GRANTED.[6]

---

[5] Andrew's argument for jurisdictional discovery is unavailing. No additional discovery would compel a different result that the Policies show Eagle Forum is the sole beneficiary.

[6] In finding a want of personal jurisdiction on the New Claims, the Court need not reach Eagle Forum's alternative arguments.

### B. Andrew Schlafly's Motion to Dismiss Eagle Forum's Counterclaims

Andrew contends Eagle Forum's counterclaims fail to state a valid cause of action because the claims lack necessary facts. (D.E. No. 209-1 at 1). He argues Eagle Forum cannot collect on the Policies because its counterclaims omit facts about the location and nature of the organization, its governance practices, and any mention of representing Eagle Forum's members. (*See id.* at 9–13). He also asserts Eagle Forum's claim for attorneys' fees is baseless. (*Id.* at 13).

The Court has already found Eagle Forum is the sole beneficiary on the Policies. Thus, for the reasons discussed above in Part III.A, Andrew's motion to dismiss Eagle Forum's counterclaims is DENIED.

As for attorneys' fees, the rule in interpleader actions is that it falls within the sound discretion of the court to award fees and costs out of the deposited fund. *Banner Life Ins. Co. v. U.S. Bank, NA*, 931 F. Supp. 2d 629, 632 (D. Del. 2013); *Prudential Ins. Co. of Am. v. Richmond*, Civ. Action No. 06-525, 2007 WL 1959252, at *4 (D.N.J. July 2, 2007), *aff'd*, 336 F. App'x 232 (3d Cir. 2009). Courts generally award an interpleader party attorneys' fees when the party: (i) is a disinterested stakeholder, (ii) has conceded liability, (iii) has deposited the disputed funds with the court, and (iv) has sought discharge from liability and dismissal from the action. *Metropolitan Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003) (citation omitted). Courts also can deny attorneys' fees when a "stakeholder acts in a manner that creates disputed claims." *Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 627–28 (D.N.J. 2015) (citing cases)); *see Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006) (noting that when a disinterested party is "relieved . . . the persons between whom the dispute really exists shall fight it out at their own expense" (quoting Wright, *et al.*, Fed. Prac. & Proc. § 1702 (3d ed. 2001)); *Phillips Petroleum Co. v. Hazlewood*, 534 F.2d 61, 63 (5th Cir. 1976) (affirming denial of attorneys' fees under principle

that the fee-requesting party was "not a mere stakeholder but ha[d] a substantial controversy with one of the claimants"); *San Rafael Compania Naviera, S.A. v. Am. Smelting & Ref. Co.*, 327 F.2d 581, 587 (9th Cir. 1964) (same).

Eagle Forum has actively asserted superior claims on the Policies. There is no justification for depleting the deposited insurance proceeds to pay Eagle Forum's attorneys' fees and costs of doing business incurred in asserting an interest in the same interpleaded fund. *See Phillips Petroleum Co.*, 534 F.2d at 63; *Stonebridge Life Ins. Co.*, 89 F. Supp. 3d at 627. Thus, Andrew's motion to dismiss Eagle Forum's counterclaims for costs and attorneys' fees is GRANTED.

C. **Eagle Forum's Motion to Dismiss Eagle Trust Defendants' Crossclaims**

Eagle Forum moves to dismiss Eagle Trust Defendants' crossclaims for lack of both personal jurisdiction and subject matter jurisdiction, arguing the crossclaims do not arise out of the same transaction and have no logical relation to the original issue raised in this interpleader action. (*See* D.E. No. 229-1 at 7–21). In opposition, Eagle Trust Defendants argue the Court has personal jurisdiction and subject matter jurisdiction under the federal interpleader statute, as well as supplemental jurisdiction, since its indemnification, insurance premium reimbursement, and claw-back funds claims (First, Third, and Fourth Crossclaims) relate to this interpleader action. (D.E. No. 218 at 5–7 & n.5). Alternatively, they argue the Court may hear an unrelated crossclaim under the interpleader statute or otherwise has general and specific jurisdiction over Eagle Forum for all claims "because Eagle Forum is sufficiently engaged in New Jersey for general jurisdiction" and filed crossclaims against Eagle Trust Defendants, which makes it reasonable to confer specific jurisdiction. (*See id.* at 8–10).

When deciding a motion to dismiss a crossclaim or counterclaim under Rule 12(b)(6), the Court undertakes the same analysis as it would for claims in a complaint. *Organon Inc. v. Mylan*

*Pharms., Inc.*, 293 F. Supp. 2d 453, 456–57 (D.N.J. 2003). Federal Rule of Civil Procedure 13(g) governs crossclaims, permitting "any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." The relevant inquiry is whether the crossclaim "bears a logical relationship" to the original action. *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.,* 292 F.3d 384, 389–90 (3d Cir. 2002). "A logical relationship exists where trial on the claims separately would involve a substantial duplication of time and effort by the parties and the courts because the claims involve many of the same factual or legal issues." *Weiss v. Advest, Inc.*, 607 F. Supp. 799, 802 (E.D. Pa. 1984) (citing *Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc.*, 286 F.2d 631, 634 (3d Cir. 1961)). "Notably, courts have indicated that property that is the subject matter of the original action under Rule 13(g) . . . does not include [ ] every claim involving any aspect of the property." *John Hancock Life Ins. Co. v. Schmahl*, No. 12-0754, 2014 WL 3887182, at *5 (M.D. Fla. Aug. 6, 2014) (citing cases).

Here, Eagle Trust Defendants' crossclaims do not relate to the property that is the subject of this interpleader action. The crossclaims do not arise out of the same transaction or occurrence, nor do they bear a logical relationship to answering who is entitled to collect the insurance proceeds on the Policies. *See John Hancock Life Ins. Co.*, 2014 WL 3887182, at *3–7 (finding no logical relationship between original claim over distribution of insurance proceeds and the tort- and tax-based crossclaims). Eagle Trust Defendants' crossclaims that Eagle Forum must indemnify John Schlafly and Edward Martin (First Crossclaim), that Eagle Forum broke an agreement with Phyllis Schlafly and the Estate (Second Crossclaim), that Eagle Forum became unjustly enriched when EFELDF paid a premium on an unrelated insurance policy (Third Crossclaim) and through Phyllis

Schlafly's volunteer efforts (Fourth Crossclaim), and that Eagle Forum infringed on ETF's and Estate's copyrights (Fifth Crossclaim) rest on separate facts and theories that do nothing in resolving competing claims to the deposited insurance proceeds. Moreover, Eagle Trust Defendants admit they cannot even invade the proceeds as a beneficiary. (*See* D.E. No. 218 at 7 n.5). Accordingly, Eagle Forum's motion to dismiss Eagle Trust Defendants' crossclaims is GRANTED.[7]

### D. Eagle Trust Defendants' Motion to Dismiss Eagle Forum's Crossclaims

Eagle Trust Defendants argue that granting Eagle Forum's declaratory judgment claims as the sole beneficiary on the John Hancock and Lincoln National Policies would still leave unresolved Andrew's Complaint and Eagle Trust Defendants' Crossclaims. (*See* D.E. No. 210-1 at 1). They further aver that even if Eagle Forum is declared the beneficiary on the Policies, Eagle Forum cannot take the proceeds since it lacks a properly functioning Board whose directors are accused of misusing corporate funds, (*id.* at 6), and "is insolvent and lacks the funds . . . to cover its liabilities[,]" (*id.* at 7).

The Court has resolved the necessary issue in this action that Eagle Forum, through its declaratory judgment claims on the Policies (pleaded as counterclaims against Andrew and crossclaims against Eagle Trust Defendants), is the prevailing party entitled to collect the proceeds on the Policies, subject to the temporary restraining order issued in the Madison County action. This decision resolved conflicting claims to the fund in controversy. As discussed in Parts III.A, B, and C, all other causes of actions, including Eagle Trust Defendants' contract and intellectual property-based crossclaims against Eagle Forum, are improper interpleader claims. Thus, Eagle

---

[7] The Court declines to exercise supplemental jurisdiction over the crossclaims because it already resolved the competing claims on the Policies. *See* 28 U.S.C. § 1367(c)(3).

Trust Defendants' motion to dismiss Eagle Forum's crossclaims is DENIED.

**IV.     Conclusion**

For the foregoing reasons, (i) Defendant Eagle Forum's motion to dismiss the Complaint and motion to dismiss Eagle Trust Defendants' crossclaims is GRANTED, (ii) Andrew Schlafly's motion to dismiss Eagle Forum's counterclaims is GRANTED-in-part and DENIED-in-part, and (iii) Eagle Trust Defendants' motion to dismiss Eagle Forum's crossclaims is DENIED. Accordingly, Plaintiff Andrew Schlafly's Second Amended Complaint with Class Action is DISMISSED, in its entirety, *with prejudice*. An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
