

James P. Sanders<br>
Direct: (314) 719-3748<br>
Fax: (314) 719-3761<br>
jsanders@salawus.com

June 26, 2019

**Via ECF**
The Honorable Steven C. Mannion, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. U.S. Courthouse & Federal Building
50 Walnut Street, 4th Floor
Newark, NJ 07102

    RE:    Schlafly v. The Lincoln National Life Insurance Company, et al.
             Docket No.: 2:17-cv-02522-ES-SCM

Dear Judge Mannion:

    Please find this letter as a response to Plaintiff's letter dated June 25, 2019, in which Plaintiff suggests that his notice of appeal has divested this Court of jurisdiction. Plaintiff's argument is a clear misstatement of the applicable law and ignores the Federal Rules of Appellate Procedure.

    Plaintiff is correct in that the timely filing of a notice of appeal is a jurisdictional event that provides the Court of Appeals with exclusive jurisdiction as to the appealed issues. *See Venen v. Sweet*, 758 F.2d 117, 120–21 (3d Cir. 1985). The question here is whether Plaintiff's notice of appeal was filed timely.

    Even a cursory review of the Fed. R. App. P. shows that the notices of appeal filed in this case are premature. Fed. R. App. P. 4(a)(2), which the Third Circuit cites in the attached Order to Plaintiff's letter, specifically addresses the situation presently before this Court. The relevant portion of that Rule states:

> **(2) Filing Before Entry of Judgment.** A notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry.

    Here, since the filing of the notice of appeal was premature (that is, before the Court's judgment has been entered), this Court maintains jurisdiction to enter its final order. Such a determination is critical to ensure that all issues are properly before the Third Circuit and to ensure that multiple appeals are not taken from this case.

    Moreover, this Court assigned Plaintiff the responsibility for organizing this afternoon's telephone conference and with preparing the agenda. Plaintiff has not contacted Eagle Forum to confer regarding agenda topics. In addition to a discussion of this Court's continued jurisdiction, Eagle Forum would also request leave to file its motion requesting that the funds previously

120 South Central Avenue ▪ Suite 700 ▪ St. Louis, MO 63105-1794 ▪ 314·719·3700 TEL ▪ 314·719·3710 FAX ▪ www.salawus.com

CHICAGO, IL   INDIANAPOLIS, IN   MILWAUKEE, WI   ROCKFORD, IL   ST. CHARLES, IL   ST. LOUIS, MO   WOODSTOCK, IL



disbursed to Lincoln National and John Hancock be taxed as costs against Plaintiff and the other defendants. Such a claim is proper at the conclusion of an interpleader action. *See* 44B Am. Jur. 2d Interpleader § 75 ("Even where the stakeholder may be entitled to have attorney's fees deducted from the fund, the ultimate burden between rival claimants should fall on the party whose unsuccessful claim rendered the interpleader necessary, and the court may order that the innocent stakeholder immediately recover its attorneys' fees from the interpleaded fund and then allow the successful claimant to recoup those costs from the unsuccessful one who made the interpleader necessary."). In addition, such a motion will further the goal of disposing of all outstanding issued before this Court prior to an appeal.

We look forward to discussing these items with Your Honor on this afternoon's conference call.

Very truly yours,

SmithAmundsen LLC

By: _____
James P. Sanders