# Andrew L. Schlafly

**Attorney at Law**

939 Old Chester Rd.
Far Hills, NJ 07931
(908) 719-8608
aschlafly@aol.com

July 5, 2019

**BY ECF**

The Honorable Esther Salas
U.S. District Judge, District of N.J.
Martin Luther King Bldg. & U.S. Courthouse
Court Room: MLK 5A
50 Walnut Street
Newark, NJ 07102

Clerk of the Court
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> **Re:**   *Schlafly v. Eagle Forum, et al.*, **2:17-cv-02522-ES-SCM**
> **Disbursement Order (D.E. 246)**

Dear Judge Salas,

This letter by Plaintiff informs Your Honor that the U.S. Court of Appeals for the Third Circuit has provisionally asserted jurisdiction over the appeals filed in this case on June 17, 2019 (D.E. Nos. 240, 241). The parties have already submitted written arguments there as the appellate court has ordered. USCA Case Nos. 19-2405 & 19-2406. These appeals divest this Court of jurisdiction to disburse the interpleaded funds at this time.

To avoid interfering with the ongoing jurisdiction of the Third Circuit over this matter, Plaintiff respectfully requests that the disbursement Order ("Order", D.E. 246), which was served in the late afternoon of July 3, just before the holiday, be stayed. Otherwise the authority of the Third Circuit would be undermined by disbursement of the funds at issue on appeal. The filing of the notices of appeal divested the district court of jurisdiction to disburse the interpleaded funds at issue on appeal, and a stay of disbursement is therefore jurisdictionally required.

"'Divest' [jurisdiction] means what it says – the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." *Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985) (citations omitted). This controlling authority is quoted even by the Local Rules for the Third Circuit (L.A.R. 3.1). Under *Venen* and numerous precedents relying on it, there is no jurisdiction here to disburse the funds at this time, and a stay of the Order is necessary. There would be no prejudice to any party by staying the disbursement Order.

*Plaintiff's Letter dated July 5, 2019 re: Schlafly v. Eagle Forum, et al., 2:17-cv-02522-ES-SCM*

Moreover, a stay of the disbursement Order would safeguard due process rights, preserving basic rights of the parties to have notice and an opportunity to object to the terms of the Order.

### A.  A Stay Is Needed to Avoid Interfering with Third Circuit Jurisdiction.

Third Circuit jurisdiction on appeal requires a stay on disbursement of the funds pending appeal.  *See, e.g.*, *Fed. Ins. Co. v. Areias*, 680 F.2d 962, 963 (3d Cir. 1982) (citing 28 U.S.C. § 1291).  In *Areias*, the interpleaded funds were not disbursed pending an appeal by two parties from an order by the district court denying their claims to the interpleaded fund.  *See id.*

The caption of the *Areias* decision includes more than three dozen parties, and the interpleaded funds were not disbursed pending appeal.  A contrary result is difficult to imagine.  If the funds had been disbursed, then it would have been impossible for the Third Circuit to order "remand for calculation of [Appellant's] shares ***and for appropriate modification of the other claimants' shares***."  *Areias*, 680 F.2d at 965 (emphasis added).  Likewise, disbursement of the interpleaded funds here could interfere with the authority of the Third Circuit on the appeals.

Courts are required to avoid interfering with appellate jurisdiction.  "[T]he notice of appeal was filed timely and it effected a closure of the District Court's jurisdiction over the gag order issue."  *United States v. Scarfo*, 263 F.3d 80, 88 (3d Cir. 2001).  "[T]he Court concluded that it did not have jurisdiction to rule on the motion to dismiss because doing so would interfere with the jurisdiction of the appeals court and the appellate process."  *In re G-I Holdings, Inc.*, 568 B.R. 731, 769 (Bankr. D.N.J. 2017) (citing *In re Norris Grain Co.*, 167 B.R. 258, 260 (Bankr. M.D. Fla. 1994)).  "'[A] lower court may take no action which interferes with the appeal process or with the jurisdiction of the appellate court.'"  *Del. Tr. Co. v. Wilmington Tr., N.A. (In re Energy Future Holdings Corp.)*, Nos. 14-10979 (CSS), 15-51239 (CSS), 2016 Bankr. LEXIS 4002, at *7 (Bankr. D. Del. Nov. 17, 2016) (quoting *Dicola v. American Steamship Owners Mut. Prot. and Indem. Assoc., Inc. (In re Prudential Lines, Inc.)*, 170 B.R. 222, 243 (S.D.N.Y. 1994) (citations omitted)).  A stay is needed to avoid interference with jurisdiction of the Third Circuit.

### B.  There Is No Jurisdiction to Disburse the Interpleaded Funds.

The previously filed Notices of Appeal (D.E. 240, 241) divested this court of jurisdiction:

As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, ***immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal***.  ***"Divest" means what it says – the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere***.

*Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985) (citations omitted, emphasis added).

The Third Circuit has expressly emphasized this divesting of district court jurisdiction based on the filing of a notice of appeal, by citing *Venen* in the comments to its own Third

*Plaintiff's Letter dated July 5, 2019 re: Schlafly v. Eagle Forum, et al.*, 2:17-cv-02522-ES-SCM

Circuit Local Rule 3.1. This *Venen* rule of divesting jurisdiction in the district court pending appeal has also been widely and repeatedly cited by the Third Circuit and many district courts within this Circuit. *See, e.g.*, *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 158 (3d Cir. 1998) (reversing a district court order based in part on the principle that "***jurisdiction that is originally and properly vested in the district court becomes vested in the court of appeals when a notice of appeal is filed***") (emphasis added); *VFB Ltd. Liab. Co. v. Campbell Soup Co.*, 482 F.3d 624, 636 (3d Cir. 2007) ("VFB filed its notice of appeal on November 1, 2005, depriving the district court of jurisdiction to grant its motion. … The striking of the motion to amend the judgment was not in error.").[1]

"[T]he timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal. … *[W]e read the Court of Appeals' direction in Venen as divesting us of jurisdiction over orders now on appeal*." *DVComm, LLC v. Hotwire Communs., LLC*, No. 14-5543, 2016 U.S. Dist. LEXIS 63319, at *6 (E.D. Pa. May 13, 2016) (emphasis added, inner quotations omitted).

The *Venen* rule prevents conflict between district court and appellate jurisdiction, when the latter has priority. Such a conflict could occur here if this Court disbursed the funds during the pendency of an appeal considering the validity of the dismissal of Plaintiff's complaint. None of the exceptions to the *Venen* rule divesting this court of jurisdiction applies here. *See id.*

A stay on disbursement of the contested funds is therefore warranted. As a bankruptcy court within the Third Circuit held in an analogous situation:

[W]hen an existing fund has been dedicated to satisfaction of competing claims, distribution of the fund before the court's determination is final and no longer subject to modification or reversal on appeal may constitute irreparable harm to the appellant. … I conclude that here Jordan faces a danger of irreparable harm if the escrow is released.

*In re Wolf*, 558 B.R. 140, 144 n.5 (Bankr. E.D. Pa. 2016). *See also In re Klein Sleep Prod., Inc.*, 1994 U.S. Dist. LEXIS 16520, at *5, 1994 WL 652459 (S.D.N.Y. Nov. 18, 1994) (granting stay of distributions pending appeal).

## C.  A Stay Would Not Prejudice Any Party.

This Court's disbursement Order referenced its opinion (D.E. 246, incorporating D.E. 238), which in turn requires that "Eagle Forum … will take receipt of the proceeds in trust, subject to the temporary restraining order issued in the Madison County action. (*See* D.E. No. 224-1 (Madison County Circuit Court Order, dated Oct. 20, 2016) ¶ 14)." (D.E. 238, at p.10)

---

[1] Plaintiff need not separately appeal the Order itself, even if there were jurisdiction for it. Under FED. R. APP. P. 4(a)(2), the prior-filed Notices of Appeal encompass such a subsequently entered order.

3

*Plaintiff's Letter dated July 5, 2019 re: Schlafly v. Eagle Forum, et al.*, 2:17-cv-02522-ES-SCM

Eagle Forum expressly argued for disbursement based on its purported compliance with this condition.  (D.E. 224, p. 8)

Paragraph 14 of the October 20, 2016 temporary restraining order by Madison County Circuit Court expressly requires that "***all proceeds [be] deposited into the Fidelity Investment Account and held in escrow until the conclusion of this case***. Eagle Forum may make petition to this Court for authorization for the use of said funds only for extraordinary expenditures during the pendency of this case." (D.E. No. 224-1, Madison County Circuit Court Order, dated Oct. 20, 2016, p. 10, ¶ 14, emphasis added)

Accordingly, there is no possible prejudice to Eagle Forum (or any other party) which would result from maintaining the interpleaded funds in the C.R.I.S. rather than in a comparable fund at Fidelity.  If anything, the funds will be more securely protected by the C.R.I.S. than at a private account at a private company, with unidentified rights of access.  Under neither scenario may Eagle Forum use the funds except as requested and approved by a court.  Eagle Forum makes no argument about any need for access to these funds.  A stay of the Order would not prejudice Eagle Forum, but a lack of a stay would interfere with Third Circuit jurisdiction.

**D.  A Stay Would Safeguard Due Process Rights.**

The disbursement Order was issued *sua sponte* without notice to the parties to object, and included language permitting modification of its terms without notice and an opportunity by parties to object.  (D.E. 246 - "or as instructed in writing by Recipient")  This raises due process concerns.  A stay of the Order would safeguard the due process rights of the parties and, at a minimum, protect their basic procedural rights of notice and an opportunity to object.

\*          \*          \*

For all of the foregoing reasons, Plaintiff respectfully requests a stay of the recently entered Order (D.E. 246), and/or leave by the Court to file promptly a formal motion for a stay.  Thank you, Your Honor, for your consideration of this matter.

Sincerely,

/s/ Andrew L. Schlafly

Andrew L. Schlafly
Counsel for Plaintiff

cc (by ECF):   All counsel of record

4