**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDREW L. SCHLAFLY**, *on behalf of himself individually and on behalf of all other members of Eagle Forum, a non-profit membership corporation*,<br><br>**Plaintiff,**<br><br>v.<br><br>**EAGLE FORUM,** *et al.*,<br><br>**Defendants.** | Civil Action No. 17-2522 (ES) (SCM)<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Eagle Forum's motion (i) to alter or amend this Court's June 17, 2019 Opinion and Order granting plaintiff Andrew Schlafly's motion to dismiss Eagle Forum's counterclaims for costs and attorneys' fees; and (ii) for an appeal bond in light of the Court's July 8, 2019 Order staying disbursement of the interpleader funds at issue, pending the resolution of the parties' appeals to the Third Circuit. (D.E. No. 252 (the "Motion")). The Court has reviewed the parties' submissions and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons that follow, Eagle Forum's Motion is DENIED.

**I.   Background**

This case arises out of a statutory interpleader action brought by plaintiff Andrew Schlafly ("Andrew"), individually and on behalf of all other members of defendant Eagle Forum, against defendants Edward Martin, John Schlafly, Eagle Trust Fund, Eagle Forum Education and Legal Defense Fund, Estate of Phyllis Schlafly (collectively, "Eagle Trust Defendants") and defendant Eagle Forum (altogether, "Defendants"). (D.E. No. 204, Second Amended Complaint with Class

Action, ("Compl.") ¶¶ 1 & 13).  Andrew and Defendants alleged competing claims to collect proceeds ("Funds") on two life insurance policies (collectively, the "Policies") held by the late Phyllis Schlafly.  (*See* Compl. ¶¶ 13 & 14).  The Lincoln National Life Insurance Company ("Lincoln") and John Hancock Life Insurance Company (U.S.A.) ("John Hancock") (collectively, the "Insurance Companies") issued the respective Policies.  (*See id.* ¶¶ 14, 18 & 44).  On June 17, 2019, the Court issued an Opinion declaring Eagle Forum as the sole beneficiary of the Policies at issue.  (D.E. No. 238 at 10).  Relevant here, the Court granted Andrew's motion to dismiss Eagle Forum's counterclaims in part with respect to Eagle Forum's request for costs and attorneys' fees on its counterclaims.  (D.E. No. 238 at 13–14 & D.E. No. 239 at 2).  The Court also directed Eagle Forum to prepare an order to disburse the interpleaded Funds under Local Rule 67.1(b) within 30 days of the June 17, 2019 Opinion and Order.  (D.E. No. 239 at 2).  Andrew and the Eagle Trust Defendants filed notices of appeal to the Third Circuit on June 17, 2019—the same day this Court issued its Opinion and Order.  (D.E. Nos. 240 & 241).

On July 2, 2019, the Court issued an Order directing the Clerk of Court to pay the principal amount of $3,271,593.51, plus all interest and minus administrative Court fees, to Eagle Forum pursuant to the Court's July 17, 2019 Opinion.  (D.E. No. 246 ("Disbursement Order")).  Andrew informed the Court of the parties' appeals on July 5, 2019, and requested a stay of the Disbursement Order pending appeal, reasoning that disbursement would interfere with a potential remand for recalculation by the Third Circuit.  (D.E. No. 247).  On July 8, 2019, after having received no response from the other parties and in an effort to maintain the status quo, the Court issued a stay of the Disbursement Order pending the resolution of the parties' appeals to the Third Circuit.  (D.E. No. 250 ("Order Staying Disbursement")).

Twenty-two days later, on July 30, 2019, Eagle Forum filed the instant Motion to alter the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.E. No. 252). First, Eagle Forum seeks its own attorneys' fees to be taxed against Andrew and the Eagle Trust Defendants.[1] (D.E. No. 252-1 ("EF Mov. Br.") at 3). Second, Eagle Forum asks this Court to tax Lincoln and John Handcock's attorneys' fees against the same unsuccessful claimants. (*Id.*). Third, Eagle Forum seeks an appeal bond from Andrew and the Eagle Trust Defendants in light of the Order Staying Disbursement dated July 8, 2019. (*Id.*). Specifically, Eagle Forum requests an appeal bond to cover "costs, interest, and delay damages" in excess of the Funds that it admits are already held in the Court's Registry. (*Id.* at 6–7). On August 1, 2019, two days after it filed the instant Motion, Eagle Forum filed a notice of cross appeal to the Third Circuit. (D.E. No. 253). Andrew and the Eagle Trust Defendants filed oppositions on September 3, 2019 (D.E. No. 257 ("Andrew Opp.") & D.E. No. 258 ("ET Opp.")), and Eagle Forum filed a reply on September 9, 2019. (D.E. No. 259 ("EF Reply")).

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See also Pellicano v. Blue Cross Blue Shield Ass'n*, 540 F. App'x 95, 97 (3d Cir. 2013). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA*

---

[1] While Eagle Forum seemingly attempts to argue that it "does not seek its [own] attorneys' fees" and instead claims that it seeks to recover attorneys' fees previously paid out from the Funds to the disinterested stakeholders (EF Reply at 4), its briefs also state otherwise. (*See* EF Mov. Br. at 3 ("Eagle Forum respectfully requests . . . Eagle Forum's attorneys' fees, as costs against the unsuccessful claimants . . . ."); EF Reply at 7 (requesting that Eagle Forum's attorneys' fees be taxed against Andrew and the Eagle Trust Defendants)).

*Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Pellicano*, 540 F. App'x at 98. Here, Eagle Forum's Motion is premised on the third ground—the alleged need to correct a "clear error of law or prevent manifest injustice." *See Lazaridis*, 591 F.3d at 669; (*see also* EF Mov. Br. at 1; EF Reply at 3–4).

Relief should be granted "sparingly" under Rule 59(e) because "reconsideration of a judgment after its entry is an extraordinary remedy." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Further, a motion for reconsideration "should not raise new arguments that the party could have made previously." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013); *accord Rhines v. United States*, 677 F. App'x 34, 36 n.5 (3d Cir. 2017) (finding "no abuse of discretion in the District Court's denial of [plaintiff's] motion to supplement his Rule 59 motion . . . [because such motion] may not be used to raise new arguments that could have or should have been raised . . . prior to judgment"); *Venkataram v. Office of Info. Policy*, No. 09-6520, 2013 WL 5674346, at *2 (D.N.J. Oct. 16, 2013), *aff'd*, 590 F. App'x 138 (3d Cir. 2014) ("The Court will not consider new arguments upon a motion for reconsideration."); *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) ("To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'").

### III.   Discussion

As a preliminary matter, Andrew and the Eagle Trust Defendants contend that this Court lacks jurisdiction because the Rule 59(e) motion is substantively improper, and their pending appeals divest this Court of jurisdiction. (Andrew Opp. at 12–13; ET Opp. at 10). Because Eagle Forum previously requested attorneys' fees[2] and because the parties' appeals do not divest this

---

[2] Eagle Forum's opposition to Andrew's motion to dismiss and its crossclaims against the Eagle Trust Defendants did not attempt to hold the Eagle Trust Defendants responsible for the Insurance Companies' fees and

Court of jurisdiction, the Court finds that it retains jurisdiction over Eagle Forum's Rule 59(e) motion. *See United States v. Rogers Transp. Inc.*, 751 F.2d 635, 636–37 (3d Cir. 1985) (dismissing appeal for lack of appellate jurisdiction because a Rule 59(e) motion was filed subsequent to a notice of appeal). In addition, the Court has jurisdiction over Eagle Forum's request for a supersedeas bond pending appeal. *See In re Advanced Elecs., Inc.*, 283 F. App'x 959, 963–64 (3d Cir. 2008); *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988).

### A. Timeliness

The Eagle Trust Defendants argue that Eagle Forum's Motion is untimely under both Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i). (ET Opp. at 7–9). Andrew also contends that the Motion is time-barred under Local Civil Rule 7.1(i). (Andrew Opp. at 9–12). For the following reasons, the Court finds that the Motion is untimely under the Federal and Local Civil Rules.

#### i. Final Judgment or Interlocutory Order

First, the Court must determine whether the time limits imposed under Rule 59(e) or Local Civil Rule 7.1(i) apply. As stated above, a party must file a Rule 59(e) motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "'The provisions of Rule 59 are designed to address orders rendering a *final judgment*, not interlocutory orders . . . .'" *Zitter v. Petruccelli*, No. 15-6488, 2017 WL 1837850, at *2 (D.N.J. May 8, 2017) (emphasis added) (quoting *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 78 (D.N.J. 2013)); *see also Pellicano*, 540 F. App'x at 97 n.4 (stating that plaintiff's motion for reconsideration of a non-final order "was nothing more than an interlocutory motion . . . and, as

---

costs. (*See* D.E. Nos. 206 & 222). Thus, the Court agrees that Eagle Forum *only* sought to recover its own fees against the Eagle Trust Defendants (*see* D.E. No. 206), and never made a claim against the Eagle Trust Defendants with respect to the Insurance Companies' fees. (*See* ET Opp. at 12–13).

such, did not call into play the timing . . . considerations attendant upon motions to alter or amend judgment under [Rule] 59(e).") (alteration in original); *Jones v. Sanko S.S. Co., Ltd.*, No. 10-6787, 2016 WL 819618, at *4 (D.N.J. March 2, 2016). Thus, where a final judgment has not been entered, Rule 59(e) and the 28-day deadline "have no application." *Jones*, 2016 WL 819618 at *4; *see also Takata v. Riot Blockchain, Inc.*, No. 18-2293, 2019 WL 2710273, at *2 (D.N.J. June 26, 2019) (stating that Rule 59(e) only applies "to parties seeking reconsideration of *final* judgments and/or orders"). Rather, pursuant to Local Civil Rule 7.1(i), "the proper procedural mechanism for reconsideration of this Court's interlocutory . . . decision," provides a 14-day deadline. *Jones*, 2016 WL 819618 at *4; *accord Mitchell*, 913 F. Supp. 2d at 78. Pursuant to Local Civil Rule 7.1(i) "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."

Here, the parties dispute whether Eagle Forum's Motion relates to this Court's June 17, 2019 Opinion and Order or the July 2, 2019 Disbursement Order. (Andrew Opp. at 9; ET Opp. at 7–9; EF Reply at 2 ("The only question is which order was the final order: June 17 or July 2?")). Eagle Trust argues that the June 17, 2019 Opinion and Order comprise the Court's final judgment in the interpleader action, and that the July 2, 2019 Disbursement Order is merely ministerial. (ET. Opp. at 7–8). In reply, Eagle Forum asserts that the June 17, 2019 Order was not "final" because it failed to resolve all remaining claims amongst the parties and did not provide Eagle Forum with affirmative relief. (EF Reply at 3). Instead, Eagle Forum argues that the July 2, 2019 Disbursement Order was "final" because it "completely and finally resolved" Eagle Forum's claims. (*Id.*).

Courts of appeals have held that in the specific context of an interpleader action, a judgment is final "when the court determines the claimants entitled to the money and the amount due each

claimant." *Ins. Co. of N. Am. v. Bay*, 784 F.2d 869, 872 (8th Cir. 1986) (citing *Diamond Shamrock Oil & Gas Corp. v. Comm'r of Revenues*, 422 F.2d 532, 533–34 (8th Cir. 1970)); *In re Sinking of M/V Ukola*, 806 F.2d 1, 3 (1st Cir. 1986). For example, in *Insurance Company of North America*, the court found that an order disposing of *all claims* and directing that the *entire fund* be paid to a specific party was "final" for purposes of appeal. 784 F.2d at 872. Nothing in the record indicated that the court below intended otherwise. *Id.* By contrast, the court in *Diamond Shamrock*, found that an order in an interpleader action was *not* "final" because it failed to declare which claimants were entitled to the royalties at issue and the amount owed to each claimant. 422 F.2d at 533–34. Thus, like the present matter, a judgment that declares one party's entitlement to *all* funds held in an interpleader action is considered "final." *See Jackson Nat'l Life Ins. Co. v. Lunt*, No. 15-1629, 2016 WL 704714, at *5 (W.D. Pa. Feb. 23, 2016) (noting that an interpleader action is "ultimately resolved by the entry of a judgment in favor of the claimant who is lawfully entitled to the stake" (citing *Diamond Shamrock*, 422 F.2d at 534)); *Wells Fargo Bank, Nat'l Ass'n v. Magellan Owners Ass'n*, No. 09-587, 2010 WL 3789327, at *1 (D. Ariz. Sept. 22, 2010) (same).

Further, the Third Circuit has stated that a disbursement order is "merely a ministerial order designed to effectuate the Court's prior order." *Nat'l Football League Players' Concussion Injury Litig.*, 923 F.3d 96, 107 (3d Cir. 2019) (citing 15B Charles A. Wright & Arthur R. Miller, *Federal Practices and Procedures* § 3916 (2d ed. 1992)); *see also* Wright & Miller, *supra*, § 3916 ("An order directing payment of funds earlier paid into court may be treated in a way similar to the old rule governing execution disputes, reasoning that appeal should be taken from the judgment rather than the later ministerial order authorizing disbursement."). In *National Football League*, the Third Circuit found that an order disbursing settlement funds to qualifying class members was "administrative" and "did not affect the substantive rights of the parties," which were decided prior

to the disbursement order. 923 F.3d at 107. Rather, the disbursement order "merely directed the Claims Administrator to distribute funds in a particular way." *Id.* Not surprisingly, other circuit courts have similarly held that an order that disburses funds from the court registry is ministerial in nature. *See, e.g.*, *In re Lupron Mktg. & Sales Practices Litig.*, 677 F.3d 21, 28 (1st Cir. 2012) (finding that a disbursement order was merely ministerial because it was entered subsequent to an order that awarded distribution to a specific party); *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898 (9th Cir. 2001) (finding that "[a] mere ministerial order, such as . . . an order to disburse funds from the court registry, is not a final appealable order."); *Powell v. Georgia-Pac. Corp.*, 90 F.3d 283, 284 (8th Cir. 1996) (characterizing the appealed disbursement order as "merely a 'housekeeping' order," and noting that the Court has "repeatedly held that the mere retention of jurisdiction for future ministerial orders does not withhold the finality required to make [a previous] order appealable") (internal quotations omitted).

Here, the Court finds that the June 17, 2019 Opinion and Order (D.E. Nos. 238 & 239) constitutes a final judgment. Akin to the Eighth Circuit's decision in *Insurance Company of North America*, the June 17, 2019 Opinion and Order substantively decided that Eagle Forum was the sole party entitled to *all* of the Funds under the Policies in this interpleader action. *See* 784 F.2d at 872; (*see also* D.E. Nos. 238 & 239).[3] As such, the Court dismissed *with prejudice* the Second Amended Complaint with Class Action (D.E. No. 204) and the Eagle Trust Defendant's crossclaims (D.E. No. 207) in their entireties. (D.E. No. 239). And in fact, the Court's Order directed Eagle Forum to "prepare an order to disburse the interpleaded funds pursuant to Local

---

[3] Indeed, the Court decided the following motions in its Opinion and Order dated June 17, 2019: (i) defendant Eagle Forum's motion to dismiss the Complaint (D.E. No. 205) (Granted), and motion to dismiss the Eagle Trust Defendants' crossclaims (D.E. No. 229) (Granted); (ii) Andrew's motion to dismiss Eagle Forum's counterclaims (D.E. No. 209) (Granted-in-part with respect to Eagle Forum's request for costs and attorneys' fees on its counterclaims and Denied-in-part with respect to Eagle Forum's declaratory judgment on its counterclaims); and (iii) the Eagle Trust Defendants' motion to dismiss Eagle Forum's crossclaims (D.E. No. 210) (Denied).

Civil Rule 67.1(b)" so that Eagle Forum could obtain all the funds. (*Id.*). Thus, Eagle Forum's assertion that the June 17, 2019 Order failed to award Eagle Forum affirmative relief on its "actionable claims" is plainly mistaken. In addition, Eagle Forum's argument that the Disbursement Order "completely and finally resolved" Eagle Forum's claims by entering an Order in its favor on July 2, 2019 (*see* Eagle Forum's Reply at 3), ignores that the June 17, 2019 Opinion and Order *already* decided Eagle Forum's claims, and significantly, its substantive rights to all of the Funds at issue.

Moreover, the Court also finds that the July 2, 2019 Disbursement Order was, as a matter of course, a mere "ministerial" order issued after the Court's June 17, 2019 judgment. Analogous to the Third Circuit's opinion in *National Football League*, the July 2, 2019 Disbursement Order was "administrative" and "did not affect the substantive rights of the parties." 923 F.3d at 107; *accord* Wright & Miller, *supra*, § 3916. Instead, the Disbursement Order "merely directed the [Clerk of the Court] to distribute [F]unds in a particular way," entirely to Eagle Forum, which the Court had previously determined to be the prevailing party. *See Nat'l Football League*, 923 F.3d at 107; *accord In re Lupron*, 677 F.3d at 28; *Am. Ironworks*, 248 F.3d at 898; *Powell*, 90 F.3d at 284.

Accordingly, the Court finds that the June 17, 2019 Opinion and Order constitute a final judgment, triggering the 28-day period to move under Rule 59(e).

By this same reasoning, then, the Court finds that its July 8, 2019 Order Staying Disbursement is, by contrast, an interlocutory order such that Local Rule 7.1(i) governs. *See In re Revel AC, Inc.*, No. 14-22654, 2015 WL 567015, at *2 (D.N.J. Feb. 10, 2015) ("Local Civil Rule 7.1(i) permits reconsideration of an order or judgment, including interlocutory orders such as the grant or denial of a temporary stay."). By its nature, the grant or denial of a *temporary* stay is not

"final." *See id.* Thus, Eagle Forum's request for an appeal bond is governed by the 14-day time limitation set forth in Local Civil Rule 7.1(i).

### i. Application Under Rule 59(e) and Local Civil Rule 7.1(i)

Eagle Forum's request for fees is untimely under Rule 59(e). Eagle Forum should have filed a motion under Rule 59(e) no later than July 15, 2019—28-days after the June 17, 2019 Opinion and Order. Instead, Eagle Forum filed its Motion on July 30, 2019—28-days after the July 2, 2019 Disbursement Order, which, as discussed above, cannot be considered a "final" judgment for purposes of Rule 59(e). Accordingly, Eagle Forum's request for fees is denied as untimely.[4]

Similarly, Eagle Forum's request for an appeal bond is also untimely under Local Civil Rule 7.1(i). Eagle Forum should have filed its request for an appeal bond no later than July 22, 2019—14-days after the July 8, 2019 Order Staying Disbursement.[5] Instead, Eagle Forum lumped

---

[4] Moreover, whether a stakeholder in an interpleader action is entitled to attorneys' fees is within this Court's discretion. *Prudential Ins. Co. of Am. v. Richmond*, No. 06-0525, 2007 WL 1959252, at *4 (D.N.J. July 2, 2007), *aff'd*, 336 Fed. App'x 232 (3d Cir. 2009) ("The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Fed. R. Civ. P. 22, is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorneys['] fees, out of the deposited fund.").

In addition, Eagle Forum had fourteen days to object to Judge Mannion's May 21, 2018 Report and Recommendation ("R&R") granting the Insurance Companies' motions for fees and costs taxed against the Funds. (*See* D.E. No. 198). Eagle Forum failed to file and serve any objections by June 4, 2018, the 14-day allotted timeframe, and on June 12, 2018, the Court adopted the R&R in full. (D.E. No. 200).

To be clear, the Insurance Companies' motions explicitly requested that the Court tax its fees *against* the Funds. (D.E. Nos. 156-1 at 10; 156-15 at 2; 172-1 at 8 & 172-8 at 3). Indeed, in its opposition briefs, Eagle Forum argued that it should not be penalized by any fees awarded to the Insurance Companies because such a ruling would deplete the Funds that Eagle Forum believed it was entitled to. (D.E. No. 163 at 7 & 15; D.E. No. 187 at 8 & 16). Accordingly, Eagle Forum's attempt to relitigate the Insurance Companies' fees in opposition to Andrew's motion to dismiss (D.E. No. 222) filed on September 17, 2018, was procedurally improper and untimely in the first instance because that argument should have been raised by June 4, 2018, as an objection to the R&R.

[5] Even if Eagle Forum timely requested an appeal bond to "cover costs, interest, and delay damages" (EF Mov. Br. at 7), the Court's Order Staying Disbursement dissipates the need for a bond because the Court's Registry will maintain the Funds, which will accrue interest pending appeal. *See Union Sec. Ins. Co. v. Blakely*, No. 08-0120, 2009 WL 10679608, at *1 (S.D. Ohio Nov. 30, 2009) ("[Defendants] are entitled to a discretionary stay pending . . . appeal because the interpleader funds . . . are presently being held in the Court's registry account where they continue to accrue interest and where they remain safe from dissipation . . . . [The beneficiary], moreover, would gain no additional protection" by requiring a supersedeas bond); *see also Palm Properties, LLC v. Metro. Nat. Bank*, No. 09-9038, 2010

its requests for fees and an appeal bond in one Rule 59(e) motion, which is untimely under both the 28-day and 14-day time limitations that govern the separate requests.

Significantly, courts within this district routinely deny untimely Rule 59(e) and Local Civil Rule 7.1(i) motions. *See, e.g.*, *Lindsay v. United States*, No. 16-3281, 2018 WL 9617435, at *3 (D.N.J. Oct. 16, 2018) (denying a motion to reconsider as untimely under Rule 59(e) and Local Civil Rule 7.1(i)); *Telfair v. United States*, No. 13-6585, 2018 WL 645965, at *2 (D.N.J. Jan. 31, 2018) (noting the Court's prior denial of an untimely motion under Rule 59(e) and Local Civil Rule 7.1(i)); *Berroa v. Zickefoose*, No. 13-4789, 2016 WL 1365990, at *3 (D.N.J. Apr. 6, 2016) (denying plaintiff's motion as time-barred because it was filed 84 days after the 28-day and 14-day deadlines); *McPhaul v. Astrue*, No. 09-3207, 2011 WL 735171, at *1 (D.N.J. Feb. 23, 2011) (referencing the Court's prior Order denying a Rule 59(e) motion as untimely). And the Third Circuit has upheld the denial of untimely Rule 59(e) and Local Civil Rule 7.1(i) motions. *See, e.g.*, *Smart v. Aramark Inc.*, 618 F. App'x 728, 730 n.3 (3d Cir. 2015) (noting that the district court did not abuse its discretion in denying a motion for reconsideration as untimely under Rule 59(e) and finding any error in the district court's failure to apply the 14-day limit under Local Civil Rule 7.1(i) as harmless); *Crisdon v. N.J. Dep't of Educ.*, 464 F. App'x 47, 50 (3d Cir. 2012) (finding that the district court properly denied relief under Rule 59(e) and Local Civil Rule 7.1(i) as time-barred); *Tucker v. I'Jama*, 404 F. App'x 580, 581 (3d Cir. 2010) (upholding the district court's dismissal of plaintiff's motion because it was untimely, whether under Rule 59(e) or Local Civil Rule 7.1(i)); *accord Tillio v. Rodriguz*, 481 F. App'x 36, 37 (3d Cir. 2012) ("Because the Rule

---

WL 2976157, at *2 (E.D. Ark. July 22, 2010) ("In an interpleader case, . . . the court has the disputed funds *already* in its possession so that all parties are protected from risk . . . . Thus, an interpleader case presents the 'unusual circumstance' in which a supersedeas bond is unnecessary.") (emphasis added) (internal citation omitted).

59(e) motion was filed more than 28 days after the final order, the District Court did not abuse its discretion in denying it as untimely.").

Accordingly, for the reasons stated above, the Court denies as untimely Eagle Forum's Motion.[6]

## IV. Conclusion

For the foregoing reasons, Eagle Forum's Motion (i) to alter or amend this Court's June 17, 2019 Opinion and Order granting Andrew's motion to dismiss Eagle Forum's counterclaims for costs and attorneys' fees; and (ii) for an appeal bond in light of the Court's Order Staying Disbursement is DENIED. An appropriate order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] Because the Court finds that Eagle Forum's Motion is untimely, it need not address the remaining arguments raised by Andrew and the Eagle Trust Defendants. (*See* Andrew Opp. at 3–8; ET Opp. at 11–15).