NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 19-2405, 19-2406, 19-2583
_____

ANDREW L. SCHLAFLY, on behalf of himself individually and on behalf
of all other members of Eagle Forum, a non-profit membership corporation,
Appellant in No. 19-2405

v.

EAGLE FORUM; EDWARD R. MARTIN, JR., MO; JOHN F. SCHLAFLY;
ESTATE OF PHYLLIS M. SCHLAFLY; EAGLE TRUST FUND;
EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND

EDWARD R. MARTIN, JR., MO; JOHN F. SCHLAFLY;
ESTATE OF PHYLLIS M. SCHLAFLY; EAGLE TRUST FUND;
EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND,
Appellants in Nos. 19-2406, 19-2583

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-17-cv-02522)
District Judge: Honorable Esther Salas
_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
March 3, 2022

Before: McKEE, AMBRO, and SMITH, *Circuit Judges*

(Filed: April 28, 2022)

———————————

OPINION*

———————————

SMITH, *Circuit Judge*

Andrew Schlafly and Eagle Trust Fund[1] appeal various aspects of the District Court's judgment dismissing their claims. Because the District Court did not err, we will affirm.

## I.

This case involves the proceeds from two keyman insurance policies on the life of the late Phyllis Schlafly. One of the policies was issued by Lincoln National Life Insurance Company, which is incorporated in Indiana and headquartered in Pennsylvania. The other was issued by John Hancock Life Insurance Company, which is headquartered and incorporated in Massachusetts. The policies were not executed in New Jersey.

Both policies identify "Eagle Forum" as the beneficiary. The address given to identify Eagle Forum, however, has never been used by it. In one of the policies, Phyllis also identified Eagle Forum by its Employer Identification Number ("EIN").

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] For purposes of this opinion "Eagle Trust Fund" encompasses the "Eagle Trust Appellants": Eagle Trust Fund, Eagle Forum Education and Legal Defense Fund, Edward R. Martin, Jr., Mo, John F. Schlafly, and the Estate of Phyllis Schlafly.

As a result of disputes arising during the course of the 2016 Republican presidential primary, the Eagle Forum Board of Directors split into factions. Andrew Schlafly, the decedent's son, alleges that since that time, Eagle Forum has been without a functioning Board. Litigation related to Eagle Forum's Board is ongoing in Illinois, where Eagle Forum is incorporated and has its principal place of business.

Andrew sued the insurance companies in the Superior Court of New Jersey seeking the proceeds from the policies. In response, the insurance companies removed the case to the District Court for the District of New Jersey, submitted the funds to that court, and invoked statutory interpleader. Andrew then filed an amended complaint against Eagle Forum and Eagle Trust. Counts I and VI—which the District Court called "Interpleader Claims"—sought the funds from the life insurance policies by arguing that the members of Eagle Forum, not Eagle Forum itself, were the intended beneficiaries of the policies. Counts II through V—which the District Court labeled as "New Claims"—alleged various misdeeds by Eagle Forum's Board of Directors.[2] Eagle Forum answered and asserted claims against Andrew and Eagle Trust seeking a declaratory judgment as to whether they were entitled to the life insurance proceeds and for attorneys' fees.

---

[2] Count II alleged that there was a civil conspiracy to dissipate funds from Eagle Forum. Count III asserted a claim for "conversion" as Andrew averred that Eagle Forum had "intentionally and wrongfully interfered with the rights of membership." Count IV presented a "breach of contract" claim based on Eagle Forum allegedly violating its bylaws. And Count V, entitled "unjust enrichment," sought damages, which "include[], but [are] not limited to the demand for proceeds on the policies."

Eagle Trust also filed five crossclaims against Eagle Forum. Eagle Trust now admits that it is not a beneficiary of the policies. It brought two breach-of-contract claims, a claim for reimbursement of payments made on a separate life insurance policy,[3] and two claims for misappropriation of Eagle Trust's intellectual property.

When considering the cross-motions to dismiss, the District Court held that the life insurance contracts unambiguously identified Eagle Forum, not its members, as the beneficiary. The Court then held that it lacked personal jurisdiction over Eagle Forum as to Andrew's New Claims. It also concluded that Eagle Trust's crossclaims did not "arise out of the same transaction or occurrence" as the Interpleader Claims, and, as such, it dismissed Eagle Trust's claims for lack of personal jurisdiction.[4] The Court then ordered the interpleaded funds to be disbursed to Eagle Forum.

## II.[5]

The Court correctly determined that the policies unambiguously identify Eagle Forum as the beneficiary. Andrew argues that Eagle Forum is not the proper beneficiary

---

[3] This policy insured the life of Helen Marie Taylor.

[4] The parties dispute whether the District Court dismissed Eagle Trust's claims for lack of personal jurisdiction. We view the Court as dismissing Eagle Trust's claims on this basis. Moreover, even if these claims were dismissed on other grounds "[w]e may affirm on any basis supported by the record, even if it departs from the District Court's rationale." *TD Bank N.S. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019).

[5] The District Court had subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1335. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to dismiss for lack of personal jurisdiction and for failure to state a claim. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d

because its Board does not truly represent the members. But that is an internal dispute between Eagle Forum's members and its Board; it does not change the contracts' plain language. Although the street address used in the policies was not used by Eagle Forum, the fact remains that the policies unambiguously identify "Eagle Forum"—not some amorphous mass of its members—as their beneficiary. This conclusion is further confirmed by the use of Eagle Forum's EIN. Thus, the Court correctly decided that Eagle Forum was entitled to the funds. *See United States v. Pantelidis*, 335 F.3d 226, 235 (3d Cir. 2003) (holding that the determination of whether a contract is ambiguous is a matter of law).

The Court also correctly held that it lacked personal jurisdiction over the New Claims.[6] Personal jurisdiction can be either specific or general. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). The District Court lacked general jurisdiction over Eagle Forum because it is not "essentially at home" in New Jersey. *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Only in an "exceptional case" may general jurisdiction extend beyond a corporation's principal place of business and its state of incorporation. *See Miller Yacht Sales, Inc. v.*

---

Cir. 2020) (personal jurisdiction); *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020) (failure to state a claim).

[6] "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)). Therefore, when determining if personal jurisdiction existed over Eagle Forum, we analyze only if exercising jurisdiction over it is consistent with the Constitution.

*Smith*, 384 F.3d 93, 96 (3d Cir. 2004). This case is far from exceptional, so Andrew's argument that general jurisdiction over Eagle Forum existed in New Jersey must fail.

Additionally, the Court lacked specific or pendent personal jurisdiction over the New Claims. For specific personal jurisdiction to exist, the claims "must arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017)) (quotation marks omitted). Here, all of the alleged misdeeds of the Board occurred outside of New Jersey. In fact, the only connection these claims seem to have to New Jersey is the fact that Andrew happens to live there. That fact is simply insufficient to establish specific jurisdiction over Eagle Forum. Moreover, even if we assume that pendant personal jurisdiction applies to statutory interpleader, it cannot apply here because the New Claims are unrelated to the Interpleader Claims.[7] *See Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 119 (3d Cir. 2020); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993).

Furthermore, Andrew was not entitled to jurisdictional discovery. Before a plaintiff is entitled to jurisdictional discovery, he must allege facts that, when taken as true, establish

---

[7] Additionally, Andrew's argument that Eagle Forum voluntarily appeared in New Jersey to claim their entitlement to the proceeds is incorrect. Eagle Forum was haled into court as a defendant. Regardless, as some courts have noted, merely claiming entitlement to funds in an interpleader action does not open the floodgates to any claim that any party may have. *See, e.g., Carolina Cas. Ins. Co. v. Mares*, 826 F. Supp. 149, 153–54 (E.D. Va. 1993).

jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 232 F.3d 376, 380 (3d Cir. 2000). Andrew failed to do so.

Nor did the District Court err in dismissing Eagle Trust's crossclaims. Because Eagle Trust admits that it is not a beneficiary of the policies, its claims are unrelated to the Interpleader Claims. Further, none of the claims "arise out of or relate to" Eagle Forum's contacts with New Jersey, so the Court lacked specific personal jurisdiction. *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting *Bristol-Myers Squibb,* 137 S. Ct. at 1780). Eagle Trust also argues that the Court erred because its claims were dismissed with prejudice. But the Court could dismiss Eagle Trust's claims with prejudice for lack of personal jurisdiction. Because this was not an adjudication on the merits, however, "with prejudice" means only that Eagle Trust cannot relitigate whether personal jurisdiction exists over Eagle Forum for these claims in New Jersey. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132–33 (3d Cir. 2020).

## III.

For the reasons stated above, we will affirm.