# EXHIBIT "A"

Docket No. 21A-_____

# IN THE SUPREME COURT OF THE UNITED STATES

| | |
|---|---|
| EAGLE TRUST FUND, EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND, EDWARD R. MARTIN, JR., JOHN SCHLAFLY, and ESTATE OF PHYLLIS M. SCHLAFLY, <br><br> Applicants, <br><br> v. <br><br> ANDREW L. SCHLAFLY and EAGLE FORUM, <br><br> Respondents. | TO THE HONORABLE SAMUEL A. ALITO, JR., ASSOCIATE JUSTICE FOR THE THIRD CIRCUIT |

**RESPONDENT EAGLE FORUM'S RESPONSE IN OPPOSITION TO APPLICANTS' EMERGENCY APPLICATION FOR STAY**

Michael Resis
SmithAmundsen, LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
312-894-3200
mresis@salawus.com

Attorneys for Respondent Eagle Forum

## INTRODUCTION

On April 28, 2022, the United States Court of Appeals for the Third Circuit affirmed the district court in a non-precedential opinion. The panel rejected the arguments made by Andrew Schlafly, plaintiff-appellant below, regarding the two interpleaded life insurance policies, and held that Eagle Forum was entitled to the funds (App. 6a-7a).[1] Next, the panel held that the district court lacked personal jurisdiction over his new claims and that pendent personal jurisdiction did not apply because the new claims were unrelated to the interpleader claims (App. 8a). It also held that plaintiff-appellant below did not meet his burden of showing that he was entitled to jurisdictional discovery (App. 8a-9a).

The panel then addressed the Eagle Trust Applicants' arguments. First, it held that because the Eagle Trust Applicants did not claim to be beneficiaries of the policies, their crossclaims were unrelated to the interpleader claims (App. 9a). Further, the district court lacked specific personal jurisdiction because their claims did not "arise out of or relate to" Eagle Forum's contacts with New Jersey (App. 9a, quoting *Bristol-Meyers Squibb Co. v. Super Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017)). Finally, the panel held that the district court did not err in dismissing the crossclaims with prejudice because the words "with prejudice" only meant that the

---

[1] Citation is to the appendix attached to the Eagle Trust Applicants' emergency application for stay.

Eagle Trust Applicants could not relitigate whether New Jersey has personal jurisdiction over the crossclaims (App. 9a).

On May 12, 2022, the Eagle Trust Applicants filed a petition for rehearing and for rehearing en banc. The Third Circuit denied their petition on June 6, 2022 (App. 10a-11a). The Eagle Trust Applicants filed a motion to stay the mandate on June 10, 2022, which Court denied after further briefing on June 17, 2022 (App. 12a-13a).

On the same day that their motion to stay was denied, the Eagle Trust Applicants filed an emergency application for stay with this Court. As set forth below, the Eagle Trust Applicants have not made the extraordinary showing necessary to obtain a stay pending their petition for writ of *certiorari* to the Supreme Court, and their emergency motion should be denied.[2]

## ARGUMENT

**THE EAGLE TRUST APPLICANTS HAVE NOT MADE THE EXTRAORDINARY SHOWING NECESSARY TO STAY THE MANDATE**

    **A.**    **There Is No Reasonable Probability That *Certiorari* Will Be Granted**

In exceptional cases, a party may obtain a stay of the appellate mandate if it can demonstrate that its petition presents a "substantial question and that there is

---

[2] The district court has requested "interested" parties to state their position on the pending request for stay on or before June 21, 2022.

good cause for a stay." Fed. R.App. P. 41(d)(2)(A). This standard requires the movant to show: (1) a reasonable probability that the Supreme Court will grant *certiorari;* (2) a reasonable possibility that at least five Justices would vote to reverse this Court's judgment; and (3) a likelihood of irreparable injury absent a stay. *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007). In a close case, the movant should make a showing that, on balance, the interests of the parties and the public favor a stay. *Id.* (citing *Rostker v. Goldberg,* 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers); Fed. R.App. P. 41(d) advisory committee's note). This is far from the "exceptional" case.

In asking for a stay on an emergency basis, the Eagle Trust Applicants have merely repackaged their arguments from their petition for rehearing and their motion for a stay of the mandate. According to the Eagle Trust Applicants, this Court is likely to grant a writ of *certiorari* on as many as three different issues: (1) personal jurisdiction under the federal interpleader statute; (2) the "relatedness" of their crossclaims under *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021) to the interpleaded funds; and (3) the ability of a reviewing court to foreclose a district court's hearing of a motion for reconsideration on "after-arising" grounds (Emergency Application, at 6-7). The Eagle Trust Applicants go so far as to assert that the latter two issues "arguably" qualify for a GVR. *Id.* at 7. Their confidence is misplaced.

The Eagle Trust Applicants acknowledge that the standard for presenting a "substantial question" is high, but fail to present any "substantial question[s]" that raise a "reasonable probability" that four justices will vote to grant *certiorari*, nor is there a "fair prospect" that five justices will vote to reverse the panel's judgment. *Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers); *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 960 (2009) (per curiam)). As to the first two issues relating to jurisdiction, none of their crossclaims arose out of the same transaction or occurrence as the interpleader claims, nor did the crossclaims logically relate to resolving the question of who was entitled to the interpleaded funds. Just because the Eagle Trust Applicants claim that Eagle Forum is indebted to them does not mean their crossclaims relate to the funds under Rule 13(g) of the Federal Rules of Civil Procedure.

The Third Circuit decided the competing claims to the interpleaded funds under state law (App. 6a-7a). Although the judgment on the interpleader claims is now final and cannot be reviewed under state law, the Eagle Trust Applicants would force nonresidents—who lack minimum contacts with the forum—to defend crossclaims filed by other parties simply because an insurer chose to file an interpleader complaint that has the benefit of a nationwide service provision. A defendant in Eagle Forum's position below sued for interpleader relief in federal court could not reasonably anticipate being subject to personal jurisdiction for

4

unrelated crossclaims by other parties. No case—and certainly not *Ford Motor Co.*—so holds.

*Ford Motor Co.* does not conflict with the decision in this case or present a substantial question. The Eagle Trust Applicants do not even discuss the facts of that case to show how it could apply here. Notably, *Ford Motor Co.* involved a state court's exercise of specific personal jurisdiction over a car manufacturer in a products liability action. The holding in that case has nothing to do with the federal interpleader statute or the requirements for crossclaims under Rule 13(g).

*Ford Motor Co.* does not support the Eagle Trust Applicants' argument for expanding the scope of interpleader. Their argument is contrary to this Court's decision in *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 534 (1967), which recognized the limited nature of interpleader ("[T]he mere existence of such a fund cannot, by use of interpleader, be employed to accomplish purposes that exceed the needs of orderly contest with respect to the fund"). The Eagle Trust Applicants' crossclaims would have escalated the litigation from a straightforward disposition of the interpleaded funds, raised new legal and factual issues, and significantly expanded the scope of the litigation beyond the subject matter of the original action. The Eagle Trust Applicants' stubborn refusal to recognize the limited nature of interpleader does not afford grounds for staying the mandate.

Likewise, the last issue raised by the Eagle Trust Applicants presents no

substantial question. The Eagle Trust Applicants complain that the Third Circuit's decision to affirm the district court's dismissal "with prejudice" wrongly interferes with their ability to advance "after-arising" grounds on remand. The short answer is that, barring reinstatement of one or more of their crossclaims, there will be no remand to the district court. The Eagle Trust Applicants could have included their argument relating to Eagle Forum's interpleader-related request for attorney's fees in this appeal and waived it by not making it in their opening brief filed in the Third Circuit. There is less to the Eagle Trust Applicants' argument than meets the eye.

In short, the Eagle Trust Applicants have not shown that the Third Circuit's decision "conflict[s] with the decision of another United States court of appeals on the same important matter," or "has so far departed from the accepted and usual course of judicial proceedings ... as to call for an exercise of [the Supreme] Court's supervisory power." U.S. Sup. Ct. R. 10(a). Based on the parties' arguments and the record, there is no reasonable probability that *certiorari* will be granted.

### B.  There Has Been No Showing Of Irreparable Injury

Moreover, the Eagle Trust Applicants failed to show irreparable injury. They merely assume their crossclaims are meritorious, that Eagle Forum is insolvent, and that these two assumptions are enough to entitle them to a stay. Their assumptions do not satisfy their burden of showing irreparable injury. Their crossclaims do not serve as a basis for satisfying the requirement of irreparable injury.

The Eagle Trust Applicants' first crossclaim sought only attorneys' fees and costs incurred in litigation while John Schlafly and Edward Martin served as an "officer, agent or representative" of Eagle Forum (App. 21a). The litigation referenced in the resolution could not possibly include this interpleader action, which had yet to be filed. Their second crossclaim sought reimbursement in the defense of other litigation funded by Phyllis M. Schlafly before her death in 2016 (App. 21a). The third crossclaim sought reimbursement of insurance premiums paid on a life insurance policy issued to someone other than Phyllis M. Schlafly (App. 21a-22a). These and the other crossclaims do not relate to the "property that was the subject matter of the original" interpleader action as required under Rule 13(g). The Eagle Trust Applicants cannot establish "irreparable injury" without first showing *any* injury specifically related to a right to the interpleaded funds.

Even if the Eagle Trust Applicants could make the "exceptional" showing, *Nara*, 494 F.3d at 1133, ultimately, whether the decision to grant a stay remains "a matter of discretion." *United States v. Silver*, 954 F.3d 455, 458 (2d Cir. 2020) (citing *Khulumani v. Barclay Nat'l Bank Ltd.*, 509 F.3d 148, 152 (2d Cir. 2007)). This Court should exercise its discretion against granting the stay.

### C.    No Other Considerations Justify Staying The Mandate

This is not a close case on the law. The Third Circuit considered the parties' arguments below before issuing its decision and denying the petition for rehearing

7

and for rehearing en banc and the motion for a stay of the mandate. The Eagle Trust Applicants have not shown how the legitimate interests of the parties and the public would benefit from further delaying the *rightful* disbursement of the funds.

## CONCLUSION

For all the foregoing reasons, the respondent Eagle Forum respectfully requests that the Eagle Trust Applicants' emergency application for stay be denied.

Date: June 20, 2022

Respectfully submitted,

/s/ Michael Resis

Michael Resis
SmithAmundsen, LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
312-894-3200
mresis@salawus.com

Attorneys for Respondent Eagle Forum

## **CERTIFICATE OF SERVICE**

I, Michael Resis, certify that I filed this opposing response to the emergency application for stay electronically with the Court; that I am having three copies of the response deposited with FedEx for next-day delivery to the Clerk's Office of the United States Supreme Court on June 20, 2022; and that I served a copy of the response on the following counsel by email and by depositing a copy with FedEx for next-day delivery:

| | |
|---|---|
| Lawrence J. Joseph<br>1250 Connecticut Ave., N.W. Ste. 700-1A<br>Washington, DC 20036<br>Tel: 202-355-9452<br>Fax: 202-318-2254<br>Email: ljoseph@larryjoseph.com | Andrew L. Schlafly<br>939 Old Chester Rd.<br>Far Hills, N.J. 07931<br>Tel. 908-719-8608<br>Email: aschlafly@aol.com |